E-FILING



Filed
SEP 1 9 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  JONATHAN SHUB (SBN 237708)
   SCOTT K. JOHNSON (SBN 191678)
2  SHELLER, LUDWIG & BADEY, P.C.
   1528 Walnut Street, 3rd Floor
3  Philadelphia, PA  19102
   Telephone:  (215) 790-7300
4  Facsimile:  (215) 542-9412

5  Attorneys for Plaintiff
6  (Additional Counsel Appearing on Signature Page)

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  RICHARD GANS, on behalf of himself and all )   CLASS ACTION COMPLAINT
    others similarly situated,                 )
11                                             )
         Plaintiff,                            )
12                                             )   CIVIL ACTION NO.:   C05  03774
                                               )
13            v.                               )
                                               )   1.   VIOLATION OF THE CONSUMER
14                                             )        LEGAL REMEDIES ACT, CIVIL
    PALMONE, INC., and DOES 1 through 100      )        CODE §§ 1750 ET SEQ.;
15  inclusive,                                 )
                                               )   2.   VIOLATION OF BUSINESS &
16       Defendants.                           )        PROFESSIONS CODE SECTION
                                               )        17200 ET SEQ.; AND,
17                                             )
                                               )   3.   VIOLATION OF BUSINESS &
18                                             )        PROFESSIONS CODE SECTION
                                               )        17500 ET SEQ.
19                                             )
                                               )
20                                             )   DEMAND FOR JURY TRIAL
                                               )
21                                             )
                                               )
22  _____)

23

24

25                                                            BY FAX

26

27

28

## I.

## **INTRODUCTION**

1.     This is a civil action alleging the violation of the Consumer Legal Remedies Act, Civil Code §§ 1750 *et seq.*, the violation of Business & Professions Code §§ 17200 et seq., and the violation of Business & Professions Code §§ 17500 et seq. for Defendant's unlawful, unfair, fraudulent and/or deceptive business acts or practices, Defendant's pattern and practice of fraudulently, unfairly, deceptively, and unlawfully marketing, advertising, promoting and selling defective mobile telephone, the Trēo™ 650 smartphone.

2.     Plaintiff Richard Gans, by and through his attorneys, based on his individual experience and investigation of counsel, and on information and belief, allege on behalf of himself and all other similarly situated persons and entities who own a palmOne, Inc., Trēo™ 650 smartphone as follows:

3.     Defendant palmOne, Inc. ("palmOne") is a California Corporation that designs, manufactures, markets, advertises, promotes, distributes and sells mobile telephone, the Trēo™ 650 smartphone.

4.     As alleged more fully herein, Defendant has made misrepresentations and concealed material information in the marketing, advertising, and sale of a consumer product, a mobile telephone called the Trēo™ 650 smartphone  (the "Treo 650").

6.     The Treo 650 at issue fails to properly download email messages automatically, a feature of the phone widely advertised and promoted by Defendant palmOne, Inc.

7.     In particular, Defendant palmOne, Inc. represented to Plaintiff and members of the class that its Treo 650 phones would automatically download email messages.  Plaintiff's experiences, mirroring those of thousands of other Treo 650 purchasers who have recounted their problems with the palmOne, Inc. phone reveal that is not the case.

8.     Defendant palmOne similarly concealed material facts regarding its Treo 650, including that it fails to perform as represented, that it is incapable of automatically downloading email messages, is inherently defective, is not of merchantable quality, and is substantially certain to malfunction and fail before the end of the useful life of the product.

10716552.tif - 9/19/2005 12:49:14 AM

1    9.    As a result of Defendant's false and misleading statements and concealments,

2  Plaintiff and the Class bought thousands of defective Treo 650 phones.

3    10.    Although it was fully aware that the Treo 650 could not automatically download

4  email messages, Defendant continued to market and distribute the Treo 650 phones while failing

5  to disclose that the automatic email download function was inoperable. Defendant failed and

6  refused to warn consumers about the defective functionality of the Treo 650.

7    11.    Plaintiff seeks actual and punitive damages, restitution, equitable relief, including

8  the replacement and/or recall of the defective Treo 650 phones, civil penalties, costs and expenses

9  of litigation, including attorneys' fees, and all further relief available under the California

10  Consumer Legal Remedies Act, Civil Code § 1780 *et seq.*, Business & Professions Code §§

11  17203, and 17535 or as otherwise available under California law.

12    12.    All of these claims herein arise out of these misrepresentations and failures to

13  disclose on the part of Defendant palmOne, Inc., and are common as to each consumer and/or end

14  user of the Treo 650 phone.

15                                   **II.**

16                      **JURISDICTION AND VENUE**

17    13.    This action asserts claims under the California Consumers Legal Remedies

18  Act, Civil Code §§ 1750 *et seq.*, the California Unfair Competition Law, Business & Professions

19  Code §§ 17200 *et seq.*; and the California False Advertising Law, Business & Professions Code §§

20  17500 *et seq.*, and similar common and statutory law in effect nationwide.

21    14.    This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2)

22  as the matter in controversy in this civil action exceeds $5,000,000.00 and is a class action in

23  which some members of the class of plaintiffs are residents of a state that is different from

24  Defendant palmOne, Inc. *See* Pub. Law No. 109-2 (enacted Feb. 18, 2005).

25    15.    Venue is proper in this District under 28 U.S.C. § 1391 because: (a) palmOne, Inc.

26  transacts business, committed illegal or tortuous acts, and may be found within this District; and

27  (b) a substantial portion of the affected interstate trade or commerce described herein has been

28  carried out in this District.

- 3 -

## III.

## PARTIES

16.　Plaintiff Richard Gans, an individual, is a resident of Chesterfield, Missouri, and the purchaser of a Trēo™ 650 smartphone, manufactured by Defendant palmOne, Inc.

17.　Defendant PalmOne, Inc., is a public corporation with headquarters in Milpitas, California. Defendant PalmOne, Inc. designs, manufactures, markets, and promotes the Trēo™ 650 smartphone that are the subject of this complaint throughout the United States.

18.　From its headquarters in Milpitas, California, Defendant PalmOne, Inc. designs, manufactures, markets, and promotes the Trēo™ 650 smartphone. Defendant palmOne, Inc. sells a significant number of Trēo™ 650 smartphones to California residents. Plaintiff is informed and believes and thereon alleges that defendant palmOne, Inc.'s employees and/or agents responsible for the advertising, marketing and/or promotional literature, including the product packaging for the subject products are located in California and/or the decisions concerning the design, manufacture, marketing and advertising emanated from, or where authorized and/or approved by Defendant's corporate officers, executives and employees located in California.

19.　Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 100 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

20.　Plaintiff is unaware of the true names of Defendants Does 1 through 100. Plaintiff sues said Defendants by said fictitious names, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this complaint.

21.　Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was a developer, designer, manufacturer, distributor and seller of the PalmOne, Inc.'s Trēo™ 650 smartphone, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

- 4 -

10716552.tif - 9/19/2005 12:49:14 AM

1   predecessor in interest of some or all of the other defendants, and was engaged with some or all of

2   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

3   of the other defendants so as to be liable for their conduct with respect to the matters alleged in

4   this complaint.  Plaintiff is further informed and believes and thereon alleges that each defendant

5   acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

6   times, each defendant knew or should have known about, authorized, ratified, adopted, approved,

7   controlled, aided and abetted the conduct of all other defendants.  As used in this complaint,

8   "Defendant," "Defendant palmOne, Inc.," and "defendants" means "defendants and each of them,"

9   and refers to the defendants named in the particular cause of action in which the word appears and

10  includes palmOne, Inc. and Does 1 through 100.

11       22.    At all times mentioned herein, each defendant was the co-conspirator, agent,

12  servant, employee, and/or joint venturer of each of the other defendants and was acting within the

13  course and scope of said conspiracy, agency, employment, and/or joint venture and with the

14  permission and consent of each of the other defendants.

15                                            IV.

16                            **FACTUAL ALLEGATIONS**

17       23.    The Treo™ 650 smartphone, manufactured and distributed by Defendant palmOne,

18  Inc., combines into mobile phone a personal information organizer, instant messaging, and

19  Internet access. The Treo also acts an MP3 music player and a digital camera that captures video.

20  And, according to Defendant palmOne, the Treo 650 is also capable of automatically downloading

21  email messages.

22

23       24.    Defendant palmOne disseminated inaccurate information in the advertising,

24  marketing, and promotion of the Treo 650, specifically with respect to the ability of the device to

25  automatically download email messages.

26       25.    The Treo 650 is advertised as being able to automatically download email

27  messages and palmOne represents on its website that the Treo 650 will "get business and personal

28  email automatically downloaded to your phone based on a schedule you specify."

- 5 -

1    (http://web.palmone.com/products/smartphones/treo650/versamail.jhtml.)  In spite palmOne's

2    advertising and promotion of this functionality, the Treo 650 does not automatically download

3    email messages.  In fact, even while palmOne's advertising and promotion touts the Treo 650's

4    automatic mail download capabilities, the company is aware that the automatic download feature

5    does not work.  Technical support personnel from palmOne have confirmed in conversations with

6    consumers that the automatic download feature of the Treo 650 does not work and the company is

7    unable to provide a solution to make the phone properly download email messages.

8         26.    With the Treo 650 phone, palmOne provided purchasers a "User Guide for the

9    VersaMail® Application."  The VersaMail feature was intended to provide the Treo 650 will the

10   capability to automatically download email messages.  The User Guide describes how to configure

11   the Treo 650 to permit the automatic download of email messages, explaining that "You can set up

12   different schedules for each of your email accounts."  The User Guide describes the VersaMail

13   feature as permitting the consumer to set the schedule for messages to be automatically

14   downloaded to the Treo 650 at intervals as frequently as every "5 minutes" and indicates that you

15   can set your phone to alert you "with a beep or alert sound . . . when a new message arrives in

16   your account."

17        27.    As recently as June 2005, palmOne made following representations on its website

18   regarding the Treo 650 automatic email download feature called VersaMail:

19        Your email on your schedule.

20        Stay on top of your life with Auto Sync: get business and a personal email
          automatically downloaded to your phone based on a schedule you specify, and new
21        mail alerts based on your preferences.  VersaMail supports up to 8 email accounts
          — POP, IMAP, APOP, and ESMTP.
22
          (http://web.palmone.com/products/smartpohnes/treo650/versamail.)
23
               28.    Defendant palmOne, Inc. failed to adequately manufacture and/or test the Treo 650
24
     to ensure that it was free from defects.  Before the Treo 650 phones even reached the market,
25
     Defendant knew or should have known, or were reckless in not knowing, that its phones failed to
26
     perform the email download function.
27

28

                                              - 6 -

1    29.   In spite of its knowledge, Defendant marketed its Treo 650 phones as capable of

2   automatically downloading email messages.

3    30.   The true facts about the Palm One, Inc. Treo 650 is that they are not reliable, are

4   prone to failure, and are substantially certain to fail to operate properly in that they do not

5   automatically download email messages as advertised.

6    31.   Yet, even after receiving an extraordinary number of complaints from purchasers

7   and users of the Treo 650 phone complaining of the same type of automatic email download

8   failure, Defendant palmOne has continued to conceal material information and has refused to

9   disclose or warn users of the defective nature of the Treo 650 phone.  Although Defendant

10  palmOne has been aware of the problems with the automatic email download feature in the Treo

11  650 phone, it has never sought to warn or reveal this material information to its customers.

12  Rather, Defendant palmOne has consistently represented that there is nothing wrong with the

13  performance of its Treo 650 phone.

14   32.   To this day, Defendant palmOne continues to conceal material information from

15  users, consumers, and the public, that (a) the Treo 650 phone is incapable of automatically

16  downloading email messages; (b) the Treo 650 is inherently defective and substantially certain to

17  manifest itself by malfunctioning and/or failing before the end of the useful life of the product;

18  and (c) the Treo 650 is not of merchantable quality.  The Treo 650 is of such a low quality and are

19  so defective that defendants know they consistently fail and that consumers are substantially

20  certain to fail to perform the automatic email download function.  Nevertheless, Defendant

21  palmOne has refused to disclose to customers the existence of the defective download feature and

22  the loss of performance and functionality caused thereby.

23   33.   In the end, the harm caused by Defendant's false and misleading affirmative

24  statements and omissions grossly outweighs any benefit that could be attributed to them.

25   34.   Knowing the truth and motivated by profit and market share, Defendant has

26  knowingly and willfully engaged in acts and/or omissions to mislead and/or deceive plaintiff and

27  others similarly situated.

28

- 7 -

35. The defective Treo 650 phone has resulted and will continue to result in significant loss and damage to the class members, including but not limited to loss of the use and function of the phone, replacement and cost of repair.

36. The facts which Defendant misrepresented and concealed as alleged in the preceding paragraphs, were material to the decisions about whether to purchase the Treo 650 in that plaintiff and others similarly situated would not have purchased the Treo 650 but for Defendant's unlawful, unfair, fraudulent and/or deceptive acts and/or practices.

37. Defendant is engaged in the unlawful, unfair, fraudulent, untrue and/or deceptive marketing and advertising scheme to induce consumers to purchase its Treo 650 as a phone capable of the automatic download of email messages.

38. Defendant's unlawful, unfair, fraudulent, untrue and/or deceptive acts and/or practices were committed with willful and wanton disregard for whether or not plaintiffs or others similarly situated would actually receive a phone capable of automatic email message download functionality.

39. Upon information and belief and at all times relevant, Defendant palmOne possessed full knowledge and information concerning the above facts about its Treo 650 phone, the phone that it manufactured, created, designed, tested, labeled, packaged, distributed, supplied, marketed, sold, advertised, and otherwise distributed into the stream of commerce in the United States.

**V.**

**CLASS ACTION ALLEGATIONS**

40. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(3) on on behalf of himself, on behalf of all others similarly situated ("the Class"), initially defined as:

> All persons residing in the United States who purchased, or will purchase a PalmOne, Inc., Treo™ 650 smartphone, between the date Defendant respectively placed each of these Treo™ 650 smartphones into the stream of commerce through the date the Court certifies this suit as a class action. (The class specifically does not include any claims seeking damages for personal injuries or property damage resulting from defects as alleged herein). Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors,

- 8 -

agents, servants, or employees of Defendants, and the immediate family member of any such person.  Also excluded is any trial judge who may preside over this case.

41.  Plaintiff does not know the exact number of class members because such information is in the exclusive control of Defendant.  However, due to the nature of the trade and commerce involved, Plaintiff believes that the members of the Class are sufficiently numerous and geographically diverse that joinder of all members of the Class is impracticable.  Fed.R.Civ.P. 23(a)(1).

42.  There are questions of law or fact common to the Class, including but not limited to:

a.  Whether the Defendant has undertaken a common business practice of producing and selling to the public Trēo™ 650 smartphones that fail to automatically download e-mail messages, as Defendant advertised and otherwise represented;

b.  Whether Defendant adequately disclosed this condition, and/or concealed the fact that Trēo™ 650 smartphone would would perform in this manner;

c.  Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

d.  Whether Defendant's use of advertising and other representations constitute unfair competition, unfair, deceptive, untrue or misleading advertising;

e.  Whether Defendant failed to disclose material facts about Trēo™ 650 smartphone;

f.  Whether Defendant's were unjustly enriched by its conduct;

g.  Whether Defendant's breached the implied covenant of good faith and fair with Plaintiff and the Class; and

- 9 -

1        h.    Whether class members are entitled to damages including punitive

2              damages, restitution, disgorgement of profits, and injunctive relief, and the

3              proper measure, nature and extent of such relief.

4      43.    These common questions and others predominate over questions, if any, that affect

5

6  only individual members of the Class. Fed. R. Civ. P. 23(b)(3).

7      44.    Plaintiff's claims are typical of, and not antagonistic to, the claims of the other

8  Class members because Plaintiff, by advancing its claims, will also advance the claims of all

9  members of the Class and because Defendant palmOne, Inc. participated in activity that caused

10  members of the Class to suffer similar injury. Fed.R.Civ.P. 23(a)(3).

11     45.    Plaintiff and its counsel will fairly and adequately protect the interests of absent

12  Class members. There are no material conflicts between Plaintiff's claims and those of absent

13

14  Class members that would make class certification inappropriate. Counsel for Plaintiff are

15  experienced in complex class action litigation and will vigorously assert Plaintiff's claims and

16  those of the members of the Class. Fed. R. Civ. P 23(a)(4).

17     46.    A class action is superior to other methods for the fair and efficient resolution of

18  this controversy. The class action device presents fewer management difficulties, and provides the

19  benefit of a single adjudication, economy of scale, and comprehensive supervision by a single

20

21  court. Fed.R.Civ.P. 23(b)(3).

22     47.    Whatever difficulties may exist in the management of the class action will be

23  greatly outweighed the benefits of the class action procedure, including but not limited to

24  providing Class members with a method for the redress of claims that may not otherwise warrant

25  individual litigation.

26

27

28

10716552.tif - 9/19/2005 12:49:14 AM

# VI.
## FIRST CAUSE OF ACTION
### (Violation of Consumer Legal Remedies Act)

48. Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

49. The Consumer Legal Remedies Act ("CLRA") applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

50. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code Section 1761(d).

51. The PalmOne, Inc. Trēo™ 650 smartphone that Plaintiff and each member of the Class own are "goods" within the meaning of Civil Code Section 1761(a).

52. Defendant has violated the CLRA in at least the following respects:

    a. In violation of Section 1770(a)(5), Defendant has represented that the Trēo™ 650 smartphone has characteristics and benefits that it does not have;

    b. In violation of Section 1770(a)(7), Defendant has represented that the Trēo™ 650 smartphone is of a particular standard, quality, or grade when it is not; and,

    c. In violation of Section 1770(a)(9), Defendant has advertised Trēo™ 650 smartphone with an intent not to sell them as advertised.

53. As set forth above, Defendant's failure to disclose the inability of the Trēo™ 650 smartphone to perform its advertised functions, and its conscious concealment of the inherent defects in the Treo 650, are omissions and concealments of material fact that constitute unfair, deceptive, and misleading business practices in violation of Civil Code Section 1770(a).

54. Defendant's deceptive acts and omissions occurred in the course of selling a consumer product and have done so continuously through the filing of this Complaint.

55. Defendant's deceptive acts and omissions, as set forth more fully herein, were material to all persons contemplating the purchase of a Trēo™ 650 smartphone.

- 11 -

1     56.    Defendant's concealed material facts regarding the Trēo™ 650 smartphone from

2  Plaintiff and other class members, including that it fails to automatically download e-mail

3  messages as advertised and is inherently defective and is not of merchantable quality. This type of

4  information is relied upon by consumers in making purchase decisions, and is fundamental to the

5  decision to purchase a Trēo™ 650 smartphone. Had Defendant disclosed such information, it

6  would have been known to Plaintiff and other class members through the marketing and

7  advertising presented to Plaintiff by retailers, resellers, defendants, the trade press and others.

8     57.    Had Defendant disclosed this material information regarding the Trēo™ 650

9  smartphone to Plaintiff and the other class members, they would not have purchased the Treo 650.

10     58.    As a direct and proximate result of Defendant PalmOne, Inc.'s violation of Civil

11  Code Section 1770, *et seq.*, Plaintiff and other Class members have suffered irreparable harm and

12  monetary damages. Plaintiff, on behalf of himself and on behalf of the Class, seeks damages,

13  injunctive relief and all other relief allowable under the CLRA.

14     59.    Defendant's wrongful conduct, as set forth above, was willful, oppressive,

15  immoral, unethical, unscrupulous, substantially injurious and malicious. Accordingly, Plaintiff

16  seeks punitive damages against Defendant in an amount to deter Defendant from similar

17  misconduct in the future pursuant to Civil Code Section 1780 (a)(4).

18     60.    Pursuant to Civil Code Section 1782, Plaintiff provided notice to Defendant

19  concurrently with the filing of this Complaint and will amend the complaint once the statutory

20  period has ended.

21     61.    WHEREFORE, pursuant to the provisions of Civil Code § 1780, Plaintiff is

22  entitled to restitution and other appropriate equitable relief, an order enjoining Defendant from the

23  unlawful practices described herein, as well as recovery of attorney's fees and cost of litigation.

24                            **VII.**

25                **SECOND CAUSE OF ACTION**

            **(Violation of Bus. & Prof. Code Section 17200 by Plaintiff,**

26                **individually and on behalf of the Class)**

27     62.    Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth

28  herein.

63.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Class against Defendant for its unlawful, unfair, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code Sections 17200 *et seq.*, which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

64.    Plaintiff asserts these claims on behalf of the Class who have expended funds that Defendant should be required to pay or reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code Sections 17200 *et seq.*

65.    The acts, misrepresentations, omissions, and practices of Defendants alleged above constitute unfair, unlawful and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code Sections 17200 *et seq.*

66.    By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Business and Professions Code Sections 17200, *et seq.*

67.    Defendant's conduct, as fully described above, was likely to deceive members of the consuming public, and at all times, Defendant's statements concerning its Trēo™ 650 smartphone has been and continues to be unlawful, unfair, fraudulent, untrue and/or deceptive.

68.    Defendant engaged in unlawful business practices by violating the Consumers Legal Remedies Act, Code sections 1750 *et seq.*, and the False Advertising Act, Business and Professions Code sections 17500 *et seq.* as alleged herein.

69.    Defendant's misconduct as alleged in this action constitutes negligence and other tortuous conduct and this misconduct gave Defendant an unfair competitive advantage over its competitors.

70.    As a direct and proximate result of the aforementioned acts, Defendant received monies and continues to hold the monies expended by Plaintiff and others similarly situated who purchased the Trēo™ 650 smartphone, a device that fails to download email messages automatically as advertised, as described herein.

- 13 -

71.    In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendant.

72.    The harm to Plaintiff and others similarly situated outweighs the utility of Defendant's policies, acts and/or practices and, consequently Defendant's conduct herein constitutes an unlawful business act or practice within the meaning of California Business & Professions Code sections 17200 *et seq.*

73.    The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Defendant, as fully described herein, present a continuing threat to members of the public to be mislead and/or deceived by Defendant's representations on the packaging of the Trēo™ 650 smartphone as described herein. Plaintiff and others similarly situated have no other remedy of law that will prevent Defendant's misconduct as alleged herein from occurring and/or reoccurring in the future.

74.    WHEREFORE, Plaintiffs and Class members are entitled to equitable relief, including restitution, disgorgement of all profits accruing to Defendant because of its unlawful, unfair and fraudulent, and deceptive practices, attorneys fees and costs, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful, unfair, fraudulent and deceitful activity.

## VIII.

### THIRD CAUSE OF ACTION
#### (Violation of Bus. & Prof. Code Section 17500 by Plaintiff, individually and on behalf of the Class)

75.    Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

76.    Plaintiff brings this cause of action on behalf of himself and on behalf of the Class.

77.    Defendant has engaged in advertising and marketing to the public and offered for sale the Trēo™ 650 smartphone on a nationwide basis.

78.    Defendant has engaged in the advertising and marketing alleged herein with an intent to directly or indirectly induce the purchase of a Trēo™ 650 smartphone.

- 14 -

79.     Defendant's advertisements and marketing representations are untrue, misleading, and likely to deceive the consuming public and/or have deceived the consuming public by falsely representing the factual and technical characteristics of a Trēo™ 650 smartphone as set forth more fully above.

80.     In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and acted in violation of the Business and Professions Code Section 17500, *et seq*.

81.     Defendant actively concealed its knowledge that the Trēo™ 650 smartphone contained inherent defects.

82.     These violations have injured Plaintiff, class members, the consuming public, and fair and lawful competition. The violations have co-extensively unjustly enriched Defendants. Plaintiff and class members are entitled to restitution and other equitable remedies.

83.     Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, injunctive relief, and all other relief allowable under Section 17500, *et seq*.

84.     In addition to the relief requested in the Prayer below, Plaintiff seeks the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

85.     WHEREFORE, pursuant to Business and Professions Code section 17535, Plaintiff is entitled to rescission, restitution and disgorgement of all monies Defendant obtained through its wrongful activities; an order that PalmOne, Inc. provide without charge appropriate Trēo™ 650 smartphone replacement service to purchasers of Trēo™ 650 smartphone; an injunction prohibiting Defendant from continuing in its wrongful practices; attorney's fees and costs of litigation; and such other and further relief as the Court may deem appropriate.

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for judgment against defendant as follows:

- 15 -

1          A.      An order certifying this case as a class action and appointing Plaintiff and his

2    counsel to represent the Class;

3          B.      Actual damages for injuries suffered by plaintiff and the Class pursuant to

4    California Civil Code § 1780(a)(1);

5          C.      For an order awarding restitution and disgorgement of the monies Defendant

6    wrongfully acquired through the sales of PalmOne, Inc. Trēo™ 650 smartphone as a result of

7    Defendant's unlawful, unfair, and deceptive acts and/or practices, together with interest thereon

8    from the date of payment, to the victims of such violations;

9          D.      For statutory damages in an amount of not less than $1,000 per Plaintiff or class

10   member pursuant to California Civil Code § 1780(a)(1);

11         E.      An order requiring Defendant to immediately cease its wrongful conduct as set

12   forth above; enjoining Defendant from continuing to falsely market and advertise, conceal

13   material information and conduct business via the unlawful and unfair business acts and practices

14   complained of herein; ordering Defendant to engage in a corrective notice campaign; and

15   requiring Defendant to implement a full replacement program of all defective Trēo™ 650

16   smartphones at issue with fully functional devices;

17         F.      Punitive damages in an amount to deter Defendant from similar misconduct in the

18   future pursuant to California Civil Code § 1780(a)(4);

19         G.      For reasonable attorneys' fees and the costs of this action pursuant to California

20   Code of Civil Procedure §§ 1021.5 and 1033.5(a)(10)(B), and attorneys fees pursuant to California

21   Civil Code § 1780(d);

22         H.      For statutory pre-judgment interest; and

23         I.      For such other relief as this Court may deem just and proper.

24

25

26

27

28

- 16 -

1

2

3    **DEMAND FOR JURY TRIAL**

4    Plaintiff demands a trial by jury for himself and the class on all claims so triable.

5

6

7    DATED: September 19, 2005                SHELLER, LUDWIG & BADEY, P.C.

8

9                                        BY: _Scott K. Johnson_
                                              JONATHAN SHUB (SBN 237708)
10                                            SCOTT K. JOHNSON (SBN 191678)
                                              SHELLER, LUDWIG & BADEY, P.C.
11                                            1528 Walnut Street, 3rd Floor
                                              Philadelphia, PA 19102
12                                            Telephone: (215) 790-7300
                                              Facsimile: (215) 542-9412
13

14                                            Attorneys for Plaintiff and the Proposed Class

15   **OF COUNSEL:**

16   Paul Weiss
     FREED & WEISS, LLC
17   111 West Washington Street, Suite 1331
     Chicago, IL 60602
18   Telephone: (312) 220-0000
     Facsimile: (312) 220-7777
19

20   Bradley M. Lakin
     LAKIN LAW FIRM, P.C.
21   300 Evans Avenue
     P.O. Box 229
22   Wood River, IL 62095
     Telephone: (618) 254-1127
23   Facsimile: (618) 254-0193

24

25

26

27

28

- 17 -

10716552.tif - 9/19/2005 12:49:14 AM