1   STAN S. MALLISON (SBN 184191)
    HECTOR R. MARTINEZ (SBN 206336)
2   LAW OFFICES OF MALLISON & MARTINEZ
    1042 Brown Avenue, Suite A
3   Lafayette, CA  94549
    Telephone: (925) 283-3842
4   Facsimile:  (925) 283-3426

5   IRA P. ROTHKEN (SBN 160029)
    ROTHKEN LAW FIRM
6   1050 Northgate Drive, Suite 520
    San Rafael, CA  94903
7   Telephone: (415) 924-4250
    Facsimile:  (415) 924-2905
8

9   RALPH M. STONE, (*pro hac*)
    THOMAS G. CIARLONE, Jr. (*pro hac*)
    SHALOV STONE & BONNER LLP
10   485 Seventh Ave., Suite 1000
    New York, NY 10018
11   Telephone: (212) 239-4340
    Facsimile: (212) 239-4310
12

13   JONATHAN SHUB (SBN 237708)
    SCOTT JOHNSON (SBN 191678)
    SHELLER, LUDWIG & BADEY, P.C.
14   1528 Walnut Street, 3rd Floor
    Philadelphia, PA 19102
15   Telephone: (215) 790-7300
    Facsimile: (215) 542-9412
16

    *Co-Lead Counsel for Plaintiffs*
17

    *(see Addendum A for Plaintiffs'*
18   *Executive Committee Counsel)*

19              UNITED STATES  DISTRICT COURT

20           NORTHERN  DISTRICT OF CALIFORNIA

21                 San Jose Division

| | |
|---|---|
| 22   MARIO PALZA, CHARLES BOULAIS,<br>NISSA GAY, TREVOR LOEW, PAUL<br>23   BERLINER, STEPHANIE DANIEL,<br>RICHARD GANS and NORM SUN on Behalf<br>24   of Themselves and for the Benefit of All with<br>the Common or General Interest, Any Persons<br>25   Injured, and All Others Similarly Situated,<br><br>26                      Plaintiffs,<br>27   vs.<br>28 | ) Master File No.:  C-05-03774-RMW<br>)<br>) <u>CLASS ACTION</u><br>)<br>) FIRST AMENDED CONSOLIDATED<br>) CLASS ACTION AND REPRESENTATIVE<br>) ACTION COMPLAINT FOR VIOLATION<br>) OF (1) UNFAIR COMPETITION<br>) (CALIFORNIA BUSINESS &<br>) PROFESSIONS CODE §17200); (2) FALSE<br>) AND MISLEADING ADVERTISING |

| | |
|---|---|
| PALM, INC. a.k.a. PALMONE, INC., | ) (BUSINESS & PROFESSIONS CODE |
| | ) §17500); (3) BREACH OF WARRANTY; (4) |
| Defendant. | ) BREACH OF SONG-BEVERLY |
| | ) CONSUMER WARRANTY ACT |
| | ) (CALIFORNIA); AND (5) VIOLATION OF |
| | ) THE CONSUMER LEGAL REMEDIES |
| | ) ACT, CIVIL CODE SECTION §§1750 ET |
| | ) SEQ. |
| | ) |
| | ) <u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs Mario Palza, Charles Boulais, Nissa Gay, Trevor Loew, Paul Berliner, Stephanie Daniel, Richard Gans, and Norm Sun bring this action against Palm, Inc. a.k.a. PalmOne, Inc. (collectively "Palm" or "Defendant"), on behalf of themselves, all others similarly situated and the general public, and allege upon information and belief which is based upon the investigation of their counsel, except as to the allegations concerning Plaintiffs or their counsel which are made upon Plaintiffs' personal knowledge, as follows:

## I. OVERVIEW

1.      This is a class action brought by Plaintiffs on behalf of a class (the "Class") of all consumers who purchased the Company's Treo 600 and Treo 650 phones ("Treo 600 and 650" or "Treos").  As alleged more fully below, Palm has made misrepresentations and concealed material information in the marketing, advertising, sale and servicing of its Treos. The Treo 600 and 650 were marketed, advertised and sold as products designed to meet consumer and business requirements as "communication lifelines" and during the relevant period were among the most expensive consumer mobile phones sold.  The Treos were sold as full-featured mobile phones with Palm Powered organizer, wireless email, text messaging, web browsing and a digital camera.

2.      At all pertinent times, Palm represented to the public, including Class members, that the Treo 600 and 650 were quick, dependable and reliable hand-held organizers and mobile telephones; that they were free from defects; that they were of merchantable quality and workmanship.  In fact, these phones suffered from extremely poor sound quality and buzzing,

1   choppiness, speakerphone problems, poor and broken screens, phone crashes, software crashes,

2   electrical surges, and failed to properly download email messages.

3        3.      Palm concealed material facts regarding the Treo 600 and 650, including that these

4   fail at unacceptably high rates, are inherently defective and are not reliable storage devices or mobile

5   phones, are not of merchantable quality, do not conform to the specifications with which Palm has

6   claimed they comply and are not capable of being properly or reliably repaired by Palm.  In fact, in

7   an effort to combat the inherently defective nature of the Treo 600 and 650, it has been necessary for

8   some consumers to go to extreme measures such as self-repair of the phone.  The necessity of such

9   remedial measures, however, is not disclosed by Palm to purchasers of the Treo 600 and 650, and

10  these remedial measures are not practicable for, effective for, or available to all Treo users who may

11  wish to attempt to remedy the defective nature of the Treo 600 and 650, and may void the user's

12  warranty.

13       4.      Palm has been aware for a substantial period of time that the Treo 600 and 650

14  phones were failing at an extremely high rate.  Yet, defendant failed to warn its customers of the

15  problem or tried to prevent them from suffering system failures and data losses.  Palm has refused,

16  and continues to refuse, to warn consumers about the defects inherent in the Treo 600 and 650 or to

17  effectively remedy the problems and defects inherent in the Treo 600 and 650.  Unwilling to admit

18  fault, Palm has sat silently while consumers purchased these defective products and continues to sit

19  silently today as a high percentage of the Treo 600 and 650's fail to perform despite Palm's

20  knowledge of the malfunctions.  To this day, Palm has not warned customers about the risks inherent

21  in purchasing and relying upon a Treo as a mobile telephone and organizer.

22       5.      Although Palm is aware of the problems with the Treo 600 and 650, it has failed to

23  properly service its warranties and, instead, has intentionally replaced defective Treo 600 and 650s

24  with equally defective "repaired" or "refurbished" Treo 600 and 650s.  Despite this, Palm requires

25  that consumers pay for shipping and packaging and other charges to repair or replace its own

26  defective products creating injury in fact and/or lost money or property for all Plaintiffs and

27  consumers who utilize the repair service.

28

FIRST AMENDED CONSOLIDATED CLASS          - 3 -              Palza/Palm
ACTION COMPLAINT

6.      As a result of Palm's false and misleading statements and concealment, Plaintiffs and the Class bought thousands of Treo 600 and 650 phones and were unable to use these devices as advertised and have not had any means of effective repair.  The Treo 600 and Treo 650 failures continue to occur.

7.      Plaintiffs assert claims under California Business and Professions Code §§17200 and 17500, *et seq.*, for breach of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), for breach of warranty pursuant to Commercial Code §2313 and pursuant to the Consumer Legal Remedies Act ("CLRA"), California Civil Code §1750.  Plaintiffs seek actual and/or compensatory damages; restitution; equitable relief, including the replacement and/or recall of the defective Treo 600 and 650s; costs and expenses of litigation, including attorneys' fees; and all additional and further relief that may be available.

## II.     PLAINTIFFS SATISFACTION OF CALIFORNIA PROCEDURAL REQUIREMENTS

8.      California Civil Code §1782 provides, in pertinent part, that:

(a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:

(1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

(2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section1770.

The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California. . . .

(d) An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a).  Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages.  . . ."

On September 26, 2005 Paul Berliner on behalf of himself and the class mailed Palm a 30 day notice in conformance with California Civil Code §1782, via certified mail, return receipt requested.  Similarly, on September 27, 2005, Plaintiffs Mario Palza, Charles Boulais and Nissa Gay on behalf of themselves and the class mailed Palm a 30-day Notice per California Civil Code §1782, via

certified mail, return receipt requested, to Palm's principal place of business within California which was received on September 29, 2005.   See Exhibit 5 attached hereto.  More than 30 days have elapsed since Plaintiffs have complied with the notification requirements under California Civil Code §1782.  As expressly permitted under that statute, Plaintiffs are now filing this First Amended Consolidated Complaint to include a request for damages under the CLRA.

9.    Pursuant to the California Supreme Court case *Graham v. DaimlerChrysler Corporation*, 34 Cal. 4th 553, 577 (2005), Plaintiff Mario Palza and his counsel sent four pre-litigation demand letters in an attempt to resolve this matter short of any litigation in this matter.  Specifically, the following letters were sent:

> August 12, 2005:      From Mario Palza, on behalf of the class, to the President and CEO of Palm, requesting response by August 23, 2005 (Attached as Ex. 1)

> August 26, 2005:      From counsel for Mario Palza, Charles Boulais, Nissa Gay, and the class, to the Senior Vice President and General Counsel, requesting response by September 1, 2005(Attached as Ex. 2).

> August 30, 2005:      From counsel for Mario Palza, Charles Boulais, Nissa Gay, and the class, to the Senior Vice President and General Counsel, requesting response by September 1, 2005 (Attached as Ex. 3).

> September 2, 2005:    From counsel for Mario Palza, Charles Boulais, Nissa Gay, and the class, to the Senior Vice President and General Counsel, requesting response by September 6, 2005. (Attached as Ex. 4).

Only after Palm refused to contact counsel for Mario Palza, Charles Boulais, Nissa Gay regarding this issue, Plaintiffs filed in State Court on September 14, 2005.  The refusal to respond to four letters satisfies Plaintiffs' requirements to obtain attorney fees under *Graham v. DaimlerChrysler Corporation*, 34 Cal. 4th 553, 577 (2005) given all of the factors requiring prompt and efficient resolution of this dispute.

## III.    THE PARTIES

10.    Plaintiff Mario Palza ("Palza") is a resident of the State of California and the United States of America who maintains a residence in Ventura, California.  Palza purchased and took delivery of a Treo 600 on or about February 23, 2005. Since that date, Palza has experienced numerous failures of the type which have made his phone unusable and which made Palm's

1   statements about the Treo false and misleading.  As a result, Palza has suffered injury in fact and has

2   lost money or property as a result of Palm's practices.

3       11.     Plaintiff Charles Boulais ("Boulais") is a resident of the State of New Jersey and the

4   United States of America and maintains a residence in Pennsauken, New Jersey.  Boulais purchased

5   his first Treo 600 on or about October 9, 2003 and took delivery of a Treo 600 in or about early

6   October 2003. Since that date, Boulais has experienced numerous failures of the type which have

7   made his phone unusable and which made Palm's statements about the Treo false and misleading.

8   As a result, Boulais has suffered injury in fact and has lost money or property as a result of Palm's

9   practices.

10      12.     Plaintiff Nissa Gay ("Gay") is a resident of the State of California and the United

11  States of America and maintains a residence in Ventura, California.  Gay purchased a Treo 650 on or

12  about March 25, 2005 and took delivery of a Treo 650 on or about March 28, 2005. Since that date,

13  Gay has experienced numerous failures of the type which have made his phone unusable and which

14  made Palm's statements about the Treo false and misleading.  As a result, Gay has suffered injury in

15  fact and has lost money or property as a result of Palm's practices.

16      13.     Plaintiff Trevor Loew ("Loew") is a resident of the State of California and the United

17  States of America and maintains a residence in Modesto, California and goes to school in

18  Burlington, Vermont.  In the past three years Loew purchased and took delivery of a Treo 600.

19  Since that date, Loew has experienced numerous failures of the type which have made his phone

20  unusable and which made Palm's statements about the Treo false and misleading.  As a result, Loew

21  has suffered injury in fact and has lost money or property as a result of Palm's practices.

22      14.     Plaintiff Paul Berliner ("Berliner") is a resident of New York and a citizen of the

23  United States.  Berliner purchased a Treo 650 during the past three years.  Berliner has experienced

24  numerous product failures of the type which have made his phone unusable and which made Palm's

25  statements about the Treo false and misleading.  As a result, Berliner has suffered injury in fact and

26  has lost money or property as a result of Palm's practices.

27      15.     Plaintiff Richard Gans ("Gans") is a resident of Missouri, and a citizen of the United

28  States.  Gans purchased a Palm Treo 650 in the past three years.  Gans has experienced numerous

FIRST AMENDED CONSOLIDATED CLASS          - 6 -          Palza/Palm
ACTION COMPLAINT

1    product failures of the type which have made his phone unusable and which made Palm's statements

2    about the Treo false and misleading.  As a result, Gans has suffered injury in fact and has lost money

3    or property as a result of Palm's practices.

4         16.    Plaintiff Stephanie Daniel ("Daniel") is a resident of the State of California and a

5    citizen of the United States.  Ms. Daniel maintains a residence in Belmont, California within this

6    district.  In the past three years Ms. Daniel purchased and took delivery of a Treo 600.  Since that

7    date, Daniel has experienced numerous failures of the type which have made his phone unusable and

8    which made Palm's statements about the Treo false and misleading.  As a result, Daniel has suffered

9    injury in fact and has lost money or property as a result of Palm's practices.

10        17.    Plaintiff Norm Sun ("Sun") is a citizen of the State of Virginia and the United States

11   of America who maintains a residence in Vienna, Virginia.  In the past three years, Sun purchased a

12   Treo 650 as experienced numerous failures of the Treo 650 of the type which have made his phone

13   effectively unusable.  As a result, Sun has suffered injury in fact and has lost money or property as a

14   result of Palm's practices.

15        18.    Palm Inc. a.k.a. PalmOne, Inc. is a Delaware corporation with its executive offices,

16   principal place of business, and corporate headquarters at 950 W. Maude Ave., Sunnyvale,

17   California 94085, which is within this judicial district.  Defendant Palm designs, manufactures,

18   markets, and promotes the Treo phones that are the subject of this complaint throughout the United

19   States.

20   **IV.   JURISDICTION AND VENUE**

21        19.    This case is subject to original jurisdiction in this court pursuant to the Class Action

22   Fairness Act of 2005.  Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered section of 28

23   U.S.C.)("CAFA") because at least one member of the proposed class has a different citizenship from

24   the defendant and the total matter in controversy exceeds $5,000,000.

25        20.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391

26   because this District is the district in which the defendant resides and a district in which a substantial

27   part of the events or omissions giving rise to the claim occurred.   To wit, from its headquarters in

28   Sunnyvale California, Palm designs, manufactures, markets, and promotes Treo phones.   Palm also

FIRST AMENDED CONSOLIDATED CLASS           - 7 -            Palza/Palm
ACTION COMPLAINT

1   sells a substantial number of Treo phones to California residents within this judicial district, and

2   Plaintiffs are informed, believe, and thereon allege that defendant Palm's employees and/or agents

3   responsible for the advertising, marketing and/or promotional literature, including the product

4   packaging for the subject products are located in this judicial district and/or the decisions concerning

5   the design, manufacture, marketing and advertising emanated from, or were authorized and/or

6   approved by Defendants' corporate officers, executives and employees located in this judicial

7   district.

8   **V.  CLASS ACTION ALLEGATIONS**

9         21.    Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b)(3) on

10  behalf of themselves and on behalf of all others similarly situated ("the "Class"), initially defined as:

> All persons or entities who purchased a Treo 600 or Treo 650 model hand-held
> phones.  Excluded from this Class are Palm, Inc. aka PalmOne, Inc. and its affiliates,
> employees or agents, or persons or entities who distribute or sell the Treo 600 and
> Treo 650.  Also excluded in any trial judge who may preside over this case.

14        22.    The members of the Class are so numerous that joinder of all members would be

15  impracticable.  Plaintiffs estimate that there are several million purchasers of Treo 600 and 650

16  phones.  FRCP 23(a)(1).

17        23.    There are questions of law and fact common to the members of the Class that

18  predominate over any questions affecting only individual members, including:

- Whether the Treo 600 and 650 fail at unacceptably high rates, are inherently defective and are not of merchantable quality.

- Whether Palm made false and/or misleading statements of fact to the Class and the public concerning the defects inherent in the Treo 600 and 650.

- Whether Palm knew, or was reckless in not knowing, that its statements about the performance and reliability of the Treo 600 and 650 were false and/or misleading.

- Whether Palm concealed from Plaintiffs, the Class and the public that the Treo 600 and 650 fail at unacceptably high rates, are inherently defective and are not of merchantable quality.

- Whether Palm has undertaken a common business practice of producing and selling to the public Treo 650 smartphones that fail to automatically download e-mail messages, as Defendant advertised and otherwise represented.

FIRST AMENDED CONSOLIDATED CLASS               - 8 -                    Palza/Palm
ACTION COMPLAINT

- Whether the Treo 600 and 650 fail to conform to Palm's product specifications, which were published and advertised to Plaintiffs, the Class and the public.

- Whether Palm concealed from Plaintiffs, the Class and the public that the Treo 600 and 650 do not conform to their product specification.

- Whether Palm's false and/or misleading statements of fact and its concealment of material fact regarding the performance and reliability of Treo 600 and 650 were likely to deceive the public.

- Whether, by the misconduct set forth in this Complaint, Palm has engaged in unfair or unlawful business practices with respect to the advertising, marketing and sale of the Treo 600 and 650.

- Whether, by the misconduct as set forth herein, Palm has engaged in unfair, deceptive, untrue or misleading advertising of the Treo 600 and 650.

- Whether Palm breached the implied covenant of good faith and fair dealing with Plaintiffs, the class, and the public.

- Whether Palm was unjustly enriched by its conduct.

- Whether Palm has breached its warranties to Plaintiffs and the Class.

- Whether, as a result of Palm's misconduct, Plaintiffs and the Class are entitled to damages, restitution, equitable relief, punitive damages, and/or other damages and relief, and, if so, the amount and nature of such relief.

24.    Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are subject to no unique defenses and will advance the claims of all members of the Class in conformance with FRCP 23(a)(3)

25.    The common questions and other predominate over questions, if any, that affect only individual members of the Class in conformance with FRCP 23(b)(3).

26.    Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other class members. Plaintiffs will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class and complex litigation. There are no material conflict between Plaintiffs' claims and those of absent Class members that would make class certification inappropriate. Counsel for Plaintiffs are experienced in complex class action litigation and will vigorously assert Plaintiffs' claims and those of the members of the Class in conformance with FCRP 23(a)(4).

27.     Pursuant to FRCP 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

- It is economically impractical for each member of the Class to prosecute individual actions.

- The Class is readily definable.

- Prosecution as a class action will eliminate the possibility of repetitious litigation.

- A class action will enable claims to be handled in an orderly and expeditious manner.

- A class action will save time and expense and will ensure uniformity of decisions.

- Plaintiffs do not anticipate any difficulty in the management of this litigation as a class action.

28.     Santa Clara County, California, as the site of Palm's headquarters and the place where all significant decision-making occurred with respect to the Treo 600 and 650, is the center of gravity for this action such that it is appropriate and consistent with existing law to certify the class of consumers proposed in the Complaint to be litigated in this District.

29.     Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including but not limited to providing Class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## VI.     PALM'S FALSE STATEMENTS TO THE PUBLIC

30.     The purported advantage of a Palm Treo 600 or 650 is that you can use the device as both a phone and data organizer.

31.     Palm represents and advertises the Treo 600 as being an exceptionally powerful and useful PDA and telephone.  For example, on its Web site, Palm represents that the Treo 600 has the following attributes:

Everything a smartphone should be. Only smarter. The Treo 600 combines a phone, email, messaging and Internet with a built-in camera and one-handed navigation so it's easier than ever to get things done on the road. The real beauty? It's the size of a mobile phone.

32.     Palm refers to Treo 600 as a "smartphone" and explains the product as follows:

The Treo 600 smartphone is an all-in-one communications device that integrates a mobile phone, wireless applications including email, SMS/MMS and web browsing, and a Palm Powered™ organizer into a single ultra-compact device. The vivid color display provides great readability both indoors and outdoors, and a built-in keyboard makes finding contacts, dialing the phone and entering data fast and easy. The central five-way navigation function provides easy navigation through applications and menus and dramatically improves one-handed operation. The built-in camera lets you capture images in a digital photo album or send them on to friends and colleagues. And finally, add content, memory and even functionality via the SD/MMC expansion slot, which is also SD I/O ready.

33.     Palm offers a video entitled "Kontiki" which is available at the following website:

http://web-g.kontiki.com/zodiac/servlet/zodiac/template/pub,install,GetIt.vm/moid/8f2a06cf-27df-c2f0-9b45-6507ace1ea71/s/kdx/fallback/kdx which advertises the advantages of the Treo 600.  In this video, it is represented that the Treo has "great sound quality" and has a "speakerphone" and "the functionality attracts a lot of people."

34.     Finally, Palm represents that the Treo 600 has the following attributes:

Now you can use just one device – instead of many – to get it all done. The Treo™ 600 smartphone from Palm seamlessly combines a full-featured mobile phone and Palm Powered™ organizer with wireless email2 and text messaging, web browsing and even a digital camera – all in one device that's so small it fits right in your pocket. Plus, because everything is totally integrated – including the full QWERTY keyboard – it's amazingly easy to use.

The Treo™ 600 smartphone gives you everything you'd expect from a top-of-the-line mobile phone – like a built-in speakerphone, mute button and caller ID – plus a whole lot more. Slide the ringer switch – right on top of the phone – to instantly silence all ringers, alarms and system sound. Dial anyone in your address book instantly just by typing their name or initials. The Treo 600 smartphone makes using even the advanced features of your phone easier than you'd ever thought possible.

35.     Palm represents that the Treo 650 has the following attributes:

The Treo™ 650 smartphone from Palm makes it easier than ever to stay connected. It simplifies your life by combining a compact mobile phone with email, an organizer, messaging, and web access. There's also Bluetooth® technology so you can connect wirelessly to other Bluetooth devices. Not to mention an MP3 player, a digital camera that captures video, and a vibrant color screen that brings everything to life – all in a device that's still small enough to fit in your pocket. Seems like Treo smartphones just keep getting smarter.

…

Everything you'll find in the Treo 600 smartphone and more, we've enhanced the camera with video capture, built in a vibrant 320x320 color screen, included an MP3 player and added Bluetooth® technology. Seems like Treo smartphones just keep getting smarter.

…

Pick up a smarter phone.

The Treo 650 smartphone looks and feels just like a phone, but it's so much more. Carry thousands of business and personal phone numbers with you, and dial any of them by name from your contacts list. Or enter a name or number on the QWERTY keyboard. There's even an on-screen dial pad, speakerphone, speed dial, conference calling, call history, and caller ID make managing all your calls that much easier. Available as a dual-band digital CDMA phone, and as a GSM quad-band world phone.

Stay connected with email3 and messaging.

The included VersaMail® email client makes it easy to access and manage your email on the go – whether you use a popular desktop email client, IMAP or POP3. View photos, HTML, and even native Microsoft Word, Excel, and PowerPoint attachments. Synchronize your corporate Microsoft Exchange email and calendar with built-in Microsoft Exchange ActiveSync®. Or, opt to exchange quick thoughts, ideas, and images on the fly – all from a single inbox – with the built-in text and picture messaging application. With your messages threaded in a chat-style view, you'll be able to see the entire conversation.

Organize your entire world.

With Calendar, Contacts, Tasks, Memos and more, the Treo 650 smartphone lets you organize and simplify your business and personal life – all in one place. You can synchronize your calendar and contacts with your computer, so everything's always up to date. Plus, if you already have a Palm Powered™ handheld or smartphone, you can transfer your information with the touch of a button. Best of all, you can expand the functions of your Treo smartphone by adding any of the thousands of applications available for Palm Powered™ devices.

Access the Internet.

Access a whole world of websites – without wires. Get driving directions from the road. Check the latest headlines while waiting in line. Or download ringtones, applications and more, directly to your device. Web sites load quickly and the built-in Blazer® web browser even displays frames.

Point. Shoot. Play.

Optimized for multimedia, the Treo 650 does it all. Take and play your favorite tunes by transferring MP3s from your desktop.  Or use the built-in digital camera to snap pictures and capture video and create digital photo/video albums to take on the road. Then show off your shots on a bright color screen that brings everything to life – even in sunlight. Better yet, point, shoot and share your moments instantly via email or picture messaging. And, with the MultiMediaCard/SD expansion slot you can add even more pictures and music, plus books, games, memory – you name it…

36.     The Treo 650 is advertised as being able to automatically download email messages and Palm represents on its website that the Treo 650 will "get business and personal email automatically downloaded to your phone based on a schedule you specify." (http://web.palmone.com/products/smartphones/treo650/versamail.jhtml.)

FIRST AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

- 12 -

Palza/Palm

37.    With the Treo 650 phone, Palm provides purchasers a "User Guide for the VersaMail® Application."  The VersaMail feature was intended to provide the Treo 650 will the capability to automatically download email messages.  The User Guide describes how to configure the Treo 650 to permit the automatic download of email messages, explaining that "You can set up different schedules for each of your email accounts."  The User Guide describes the VersaMail feature as permitting the consumer to set the schedule for messages to be automatically downloaded to the Treo 650 at intervals as frequently as every "5 minutes" and indicates that you can set your phone to alert you "with a beep or alert sound . . . when a new message arrives in your account."

38.    As recently as June 2005, Palm made the following representations on its website regarding the Treo 650 automatic email download feature called VersaMail:

> Your email on your schedule.
>
> Stay on top of your life with Auto Sync: get business and a personal email automatically downloaded to your phone based on a schedule you specify, and new mail alerts based on your preferences.  VersaMail supports up to 8 email accounts — POP, IMAP, APOP, and ESMTP.
>
> (http://web.palmone.com/products/smartphones/treo650/versamail.)

## VII.    PLAINTIFF'S ACTUAL EXPERIENCES WITH TREO PHONES

39.    In fact, the Treo 600 and 650, were defective.  In particular, Treos fail at unacceptably high rates, are inherently defective and are not reliable storage devices or mobile phones, are not of merchantable quality, do not conform to the specifications with which Palm has claimed they comply, are not capable of receiving email "automatically" as promised, and are not capable of being properly or reliably repaired by Palm.  In fact, in an effort to combat the inherently defective nature of the Treo 600 and 650, it has been necessary for some consumers to go to extreme measures such as self-repair of the phone.  The necessity of such remedial measures, however, is not disclosed by Palm to purchasers of the Treo 600 and 650, and these remedial measures are not practicable for, effective for, or available to all Treo users who may wish to attempt to remedy the defective nature of the Treo 600 and 650, and may void the user's warranty.

40.     Plaintiff Palza purchased a Treo 600 for himself in February 2005 and paid in excess of $410.00 for this device.  Since that date, Palza has experienced numerous failures of the Treo since the date of purchase, including, but not limited to:

- Extremely poor sound quality and buzzing which is heard by the recipients of telephone calls, which makes the Treo unusable and makes recipients believe that the Treo owner is in a very noisy place when making the phone call (not caused by telephone service provider).

- Voice choppiness which is heard by the recipients of telephone calls which makes the Treo an extremely poor telephone (not caused by telephone service provider).

- Speakerphone problems making the speakerphone unusable or seriously impaired.

- Defective screens or bubbles impairing the function of the phone and organizer.

- Phone freezes and crashes often causing restarts and lost calls, which often require the use of a hard reset which loses all stored information (not caused by telephone service provider).

- Replacement of defective Treo 600 phones with defective and/or "refurbished" Treo 600 phones - creating a cycle of defective product - whereby owners continue to receive defective products until either they tire of the process or their warranty runs out.

As a result, Palza has suffered injury in fact and has lost money or property as a result of Palm's practices.

41.     Plaintiff Boulais purchased a Treo 600 for himself in October 2003 and paid in excess of $ 740.00 for this device.  Since that date, Boulais has experienced numerous failures of the Treo since the date of purchase, including, but not limited to:

- Extremely poor sound quality and buzzing heard by the recipients of telephone calls made from the Treo 600 which makes the Treo unusable and makes recipients believe that the Treo owner must be in a very noisy place when making the phone call and makes the Treo an extremely poor telephone and essentially useable (not caused by telephone service provider).

- Electrical surges causing damage to screen and shocking user.

- Camera does not function.

- MP3 player is useless.

- Headset jack problems causing sound to cut out when using a headset (not caused by telephone service provider).

- • Defective screens making the phone and organizer difficult if not impossible to use.

- • Phone freezes and crashes causing restarts and lost calls and requiring the use of a hard reset which loses all stored information (not caused by telephone service provider).

- • Replacement of defective Treo 600 phones with defective and/or "refurbished" Treo 600 phones - creating a cycle of defective product - whereby owners continue to receive defective products until either they tire of the process or their warranty runs out. Plaintiff Charles Boulais is currently on his fifth replacement Treo 600, which continues to experience one or more of the problems listed herein at any given time.

As a result, Boulais has suffered injury in fact and has lost money or property as a result of Palm's practices.

42. Plaintiff Gay purchased a Treo 650 for herself in March 2005 and paid in excess of $499.00 for this device. Since that date, Gay has experienced numerous failures of the Treo since the date of purchase, including, but not limited to:

- • SIM card transferability problems.

- • Software that continually crashes (approximately 10 times a day) cutting off calls and requiring restarts (not caused by telephone service provider).

- • Inability to efficiently eliminate duplicate information.

- • Replacement of defective Treo 650 phones with defective Treo 650 phones - creating a cycle of defective product - whereby owners continue to receive defective products until either they tire of the process or their warranty runs out.

As a result, Gay has suffered injury in fact and has lost money or property as a result of Palm's practices.

43. Plaintiff Loew purchased a Treo 600 for himself and paid in excess of $300.00 for this device. Since that date, Loew has experienced numerous failures of the Treo since the date of purchase, including, but not limited to:

- • Extremely poor sound quality which makes the Treo unusable and makes recipients believe that the Treo owner is in a very noisy place when making the phone call (not caused by telephone service provider).

- • Voice choppiness which is heard by the recipients of telephone calls which makes the Treo an extremely poor telephone (not caused by telephone service provider).

- Speakerphone problems making the speakerphone unusable or seriously impaired.

- Defective screens impairing the function of the phone and organizer.

- Phone freezes and crashes often causing restarts and lost calls, which often require the use of a hard reset which loses all stored information (not caused by telephone service provider).

- Replacement of defective Treo 600 phones with defective Treo 600 phones - creating a cycle of defective product - whereby owners continue to receive defective products until either they tire of the process or their warranty runs out.

As a result, Loew has suffered injury in fact and has lost money or property as a result of Palm's practices.

44.    Plaintiff Berliner purchased a Treo 650 for himself within the relevant statutory period.  Since that date, Berliner has experienced numerous failures of the Treo since the date of purchase, including, but not limited to:

- Extremely poor sound quality which makes the Treo unusable and makes recipients believe that the Treo owner is in a very noisy place when making the phone call (not caused by telephone service provider).  This problem required Daniel to purchase a headset to partially remedy the problem.

- Voice choppiness which is heard by the recipients of telephone calls which makes the Treo an extremely poor telephone (not caused by telephone service provider).

- Speakerphone problems making the speakerphone unusable or seriously impaired.

- Defective screens impairing the function of the phone and organizer.

- Phone freezes and crashes often causing restarts and lost calls, which often require the use of a hard reset which loses all stored information (not caused by telephone service provider).

As a result, Berliner has suffered injury in fact and has lost money or property as a result of Palm's practices.

45.    Plaintiff Gans purchased a Treo 650 for himself within the relevant statutory period.  Since that date, Gans has experienced numerous failures of the Treo since the date of purchase, including, but not limited to:

- Device freezing, requiring frequent resets.

- Loss of all data and settings when hard reset required.

1    •    Duplicate data in the calendar and in contacts.

2    As a result, Gans has suffered injury in fact and has lost money or property as a result of Palm's

3    practices.

4    46.    Plaintiff Daniel purchased a Treo 600 for herself and paid in excess of $250.00 for

5    this device.  Since that date, Daniel has experienced numerous failures of the Treo since the date of

6    purchase, including, but not limited to:

7    •    Extremely poor sound quality which makes the Treo unusable and makes
          recipients believe that the Treo owner is in a very noisy place when making
8         the phone call (not caused by telephone service provider).  This problem
          required Daniel to purchase a headset to partially remedy the problem.
9
     •    Voice choppiness which is heard by the recipients of telephone calls which
10        makes the Treo an extremely poor telephone (not caused by telephone service
          provider).
11
12   •    Speakerphone problems making the speakerphone unusable or seriously
          impaired.

13   •    Phone freezes and crashes often causing restarts and lost calls, which often
          require the use of a hard reset which loses all stored information (not caused
14        by telephone service provider).

15   •    Battery which has provides an extremely short phone charge.

16   As a result, Daniel has suffered injury in fact and has lost money or property as a result of Palm's

17   practices.

18   47.    Plaintiff Sun purchased a Treo 650 February 2005 straight from Palm and paid in

19   excess of $600.00 for this device.  Since that date, Sun has experienced numerous failures of the

20   Treo since the date of purchase, including, but not limited to:

21   •    Software that continually crashes cutting off calls and requiring restarts (not
          caused by telephone service provider).
22
     •    Replacement of defective Treo 650 phones with defective Treo 650 phones -
23        creating a cycle of defective product - whereby owners continue to receive
          defective products until either they tire of the process or their warranty runs
24        out.

25   •    Phone that randomly turns off

26   •    Poor sound quality

27   •    Random resets

28   •    Speaker phone has problems

1   As a result, Sun has suffered injury in fact and has lost money or property as a result of Palm's

2   practices.

3        48.    Plaintiffs relied heavily upon the reliability of the Treo to conduct their phone calls as

4   well as to organize and assist in personal organization.

5        49.    Plaintiffs' Treos have failed, and as a result, Plaintiffs has been unable to conduct

6   phone calls properly (problems not caused by their telephone service providers) or rely upon the

7   Treos to properly maintain certain valuable data.

8        50.    On each occasion that Plaintiffs have been required to return the Treo for

9   replacement, upon information and belief, Palm, or it agents or resellers, have returned an equally

10  defective Treo to Plaintiffs.  Rather than taking any action to truly repair the defect in the Treo 600

11  and 650, upon information and belief, Palm simply returns the Treo 600 and 650s to the approximate

12  defective condition in which they were sold.  To date, Palm remains unwilling and/or unable to take

13  any effective action to remedy the defects in the Treo 600 and 650. Palm is and has been aware of

14  the scope of the problems with the Treo 600 and 650 but has failed to take substantial corrective

15  action.  Palm has taken only minimal action in response to consumer complaints as it literally

16  responds by seeking to "run out the clock" on the warranties that accompanied the Treo 600 and 650

17  by replacing defective product with defective product.

18       51.    Palm has consistently misrepresented the quality and reliability of the Treo 600 and

19  650 and their ability to be used as both an organizer and a phone.  For many months, if not years,

20  Palm has been aware that the Treo 600 and 650 are defective.   Nevertheless, Palm has not

21  acknowledged the problem or provided any notice to the public.  Palm has received or is aware of a

22  huge volume of customer complaints.  Palm has been made aware that the Treo 600 and 650 are

23  defective and highly likely to fail, yet Palm has never publicly admitted that there is any defect or

24  difficulty with respect to the Treo 600 and 650 or attempted to remedy the problems.   To the

25  contrary, Palm has taken steps to actively conceal and deny the existence of problems with the Treo

26  600 and 650.

27       52.    The harm caused by Palm's false and misleading statements and omissions grossly

28  outweigh any benefit that could be attributed to them.

53.     Unless notice is provided to the Class, and a recall instituted, most other users of Treo 600 and 650 will eventually suffer the same fate, at considerable cost, expense and loss as Plaintiffs have suffered and continue to suffer to date.

## VIII.     NON-WAIVABILITY OF THE PROTECTIONS PROVIDED BY CALIFORNIA LAW

54.     Palm's shrink wrap "limited warranty" provided to U.S. purchasers of Treo phones states:

> GOVERNING LAW:  This Limited Warranty shall be governed by the laws of the State of California, U.S.A., and by the laws of the United States, excluding their conflict of law principles.

Similarly, Palm's Software License Agreement provided to U.S. purchasers of Treo phones states:

> GOVERNING LAW:  This License Agreement shall be governed by the laws of the State of California and by the laws of the United States, excluding their conflicts of laws principles.

As such, Palm is estopped from claiming that California law does not apply to this case on nationwide basis.

55.     Under a number of California consumer statutes the consumer product protections of California law are unwaivable by.  For example, the Song-Beverly Act states expressly:

> Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void.

Similarly, the CLRA §1751 states expressly:

> Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

56.     As such, California law applies to this action unmitigated by any express or implied waivers which would be unenforceable and void under California law.

## IX.     CAUSES OF ACTION

### A.     First Cause of Action for Violation of Bus. & Prof. Code §17200 by Plaintiffs Individually, as a Class Action and on Behalf of the Common or General Interest

57.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein

58.    Plaintiffs bring this cause of action on behalf of themselves, on behalf of the Class and on behalf of the common or general interest.  Plaintiffs have suffered injury in fact and lost money or property as a result of such unfair competition.

59.    Palm has engaged in unfair, unlawful and fraudulent business practices as set forth above and has been unjustly enriched thereby.

60.    By engaging in the above-described acts and practices, Palm has committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §17200, *et seq*.

61.    Palm's acts and practices have and/or are likely to deceive members of the consuming public.

62.    Palm's acts and practices are unlawful because they violate Civ. Code §§1572, 1709, 1710, 1770(a)(5), 1770(a)(7) and 1770(a)(9).  Palm's acts and practices are also unlawful because they violate Bus. & Prof. Code §17500, *et seq*.  Specifically, Palm marketed and sold the Treos in defective condition and deceptively failed to disclose their defects as described above.  Said marketing and sales, including said omissions, were material and substantial.  Palm's acts and practices are also unlawful because they violate the Song-Berverly Act, Civ. Code §1790, *et seq*.

63.    Plaintiffs, on behalf of themselves, on behalf of the Class and on behalf of the common or general interest, seek an order of this Court awarding restitution, disgorgement, injunctive relief and all other relief allowed under §17200, *et seq*., plus interest, attorneys' fees and costs pursuant to, *inter alia*, C.C.P. §1021.5.

64.    Plaintiffs meet the standing requirements of C.C.P. §382 to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or  the parties are numerous and it is impracticable to bring them all before the Court.

**B.    Second Cause of Action for Violation of Bus. & Prof. Code §17500 by Plaintiffs Individually, as a Class Action and on Behalf of the Common or General Interest**

65.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

66.     Plaintiffs bring this cause of action on behalf of themselves, on behalf of the Class and on behalf of the common or general interest.  Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendant's violation of Bus. & Prof. Code §17500, *et seq.*

67.     Beginning in or before June 2003, Palm (and its predecessor Handspring) engaged in advertising and marketing to the public and offered the Treos for sale throughout the United States, including California, and the world.

68.     Palm has engaged in the advertising and marketing alleged herein with an intent to directly or indirectly induce the purchase of the Treo 600 and 650

69.     Palm's advertisements and marketing representations regarding the technical and other characteristics of the Treo 600 and 650 are false, misleading and deceptive as set forth more fully above.

70.     At the time Palm made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violation of Bus. & Prof. Code §17500, *et seq.*

71.     Palm actively concealed its knowledge that the Treo 600 and 650 contained inherent defects.

72.     Plaintiffs have been harmed.  Plaintiffs, on behalf of themselves, on behalf of the Class and on behalf of the common or general interest, seek restitution, disgorgement, injunctive relief and all other relief allowable under §17500, *et seq.*

73.     Plaintiffs meet the standing requirements of C.C.P. 382 to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

**C.     Third Cause of Action for Breach of Express Warranty by Plaintiffs Individually and on Behalf of all Others Similarly Situated**

74.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein at length.

75.     Under the explicit terms of Palm's warranty, each Treo came with an express warranty.

76.     Palm's written warranty stated that each Treo was free of defects in materials and workmanship and conformed to Palm's product specifications.

77.     Palm breached its express warranties, as set forth above, by supplying the Treo 600 and 650 in condition where they do not perform the most basic and essential function of a hand-held phone and personal organizer as well as operating without crashing, failing and/or losing data.

78.     Palm has received timely notice of the breaches of warranty alleged herein pursuant to Commercial Code §2607(3)(A).  Plaintiffs have provided Palm with notice of the defects in the Treo 600 and 650 and, nonetheless, Palm has continued to replace defective Treo 600 and 650s with other Treo 600 and 650s, many of which replacements have already failed.

79.     In addition, Palm has received, upon information and belief, dozens of complaints and other notices from its customers world-wide advising Palm of the defects in the Treo 600 and 650, including many from California residents and residents of the United States.  Despite this notice and Palm's knowledge, Palm continues to replace defective Treo 600 and 650s with similarly defective Treo 600 and 650s.

80.     Palm has failed to provide to Plaintiffs or the Class, as a warranty replacement, a hand-held computer that conforms to the qualities and characteristics that Palm expressly warranted when it sold the Treo 600 and 650 to Plaintiffs and members of the Class.

81.     Despite requests to do so, Palm consistently refuses to repair or replace the Treo 600 and 650 with phones which are not similarly defective.  As a result, Class members, including Plaintiffs, who demanded such replacements were forced and continue to be forced to await the substantially certain failure of the Treo 600 and 650 and suffer the accompanying losses of data, time and money.

82.     Palm further breaches its warranty in its essential purpose by replacing one defective product with another defective product.  Many customers, including Plaintiffs, have been forced to proceed through this "Warranty Process" on multiple occasions just to have the replacement Treo

1  600 and 650 fail as well, resulting in additional phone inconveniences and expense.  Replacing one

2  defective product with another equally defective or inferior product is a breach of warranty.

3      83.    Applying any warranty limitation to avoid the need to repair this particular defect

4  would be unconscionable in that, *inter alia*, the Treo 600 and 650 contain an inherent defect that was

5  already present at the time of purchase and Palm knew or was reckless in not knowing about this

6  defect, which could not be discovered by Plaintiffs and members of the Class at the time of purchase,

7  and purchasers lacked any meaningful choice with respect to the warranty terms.

8      84.    As a result of Palm's breach of express warranty, Plaintiffs and the Class have

9  suffered damages in an amount to be determined at trial.

10     **D.    Fourth Cause of Action for Breach of the Song-Beverly Act by**
       **Plaintiffs Individually and on Behalf of all Others Similarly Situated**
11

12     85.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth

13  fully herein.

14     86.    Plaintiffs assert the fourth Cause of Action individually, on behalf of the Class and on

15  behalf of the common or general interest for breach of implied warranty under the Song-Beverly

16  Act, Civ. Code §1790, *et seq*.

17     87.    The Treo 600 and 650 are "consumer goods" within the meaning of Civ. Code

18  §1791(a).

19     88.    Palm's express warranty and implied warranty of merchantability arose out of and/or

20  were related to the sales of the Treo 600 and 650.

21     89.    As set forth more fully above, Palm has failed to comply with its obligations under its

22  express warranty and under its implied warranty of merchantability.

23     90.    Plaintiffs and the Class have suffered and will continue to suffer damages as a result

24  of Palm's failure to comply with its warranty obligations.  Accordingly, Plaintiffs and the Class are

25  entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ.

26  Code §§1791.1(d) and 1974.

27

28

91.     Palm's breaches of warranty, as set forth above, were willful.  Accordingly, a civil penalty should be imposed upon Defendant in an amount not to exceed twice the amount of actual damages.

**E.     Fifth Cause of Action for Violation of the CLRA by Plaintiffs Individually, on Behalf of the Common or General Interest Pursuant to the Standing Provisions of C.C.P. §382 and as a Class Action on Behalf of all Others Similarly Situated.**

92.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

93.     Plaintiffs bring this claim individually and on behalf of the Class against Defendant.

94.     Defendant has engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civ. Code §1750, *et seq.* to the detriment of Plaintiffs, members of general public and the Class.  Plaintiffs, the general public and members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein.

95.     Defendant intentionally, knowingly and unlawfully perpetrated harm upon Plaintiffs by the above described facts.  To wit, Defendant's actions in selling defective products and failing to remedy these defects have violated the following provisions of the CLRA:

(a)     Civil Code §1770(a)(5):   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have.

(b)     Civil Code §1770(a)(7):   Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

(c)     Civil Code §1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

(d)     Civil Code §1770(a)(14): Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited.

1      (e)    Civil Code §1770(a)(19): Inserting an unconscionable provision in the

2 contract.

3     96.    Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent and

4 malicious.  The gravity of the harm to all consumers and to the general public from Defendant's

5 policies and practices far outweighs any purported utility those policies and practices have.

6     97.    Pursuant to Civ. Code §1780(a), Plaintiffs seek an order enjoining Defendant from

7 engaging in the methods, acts or practices alleged herein.

8     98.    Pursuant to Civ. Code §1782, if Defendant does not rectify its illegal acts within 30

9 days, Plaintiffs intend to amend this Complaint to add claims for:

10     (a)    actual damages;

11     (b)    restitution of money to Plaintiffs, the general public and Class members;

12     (c)    punitive damages;

13     (d)    attorneys' fees and costs; and

14     (e)    other relief that this Court deems proper.

15 **X.  PRAYER FOR RELIEF**

16     99.    Wherefore, Plaintiffs, on behalf of themselves, all others similarly situated and the

17 general public, pray for judgment against Palm as follows:

18     •    An order certifying this case as a class action and appointing Plaintiffs and its
19         counsel to represent the Class.

20     •    An injunction against Palm selling, directly or indirectly, defective
        smartphones.

21

22     •    Restitution and disgorgement of all amounts obtained by Palm as a result of
        its misconduct, together with interest thereon from the date of payment, to the
23         victims of such violations.

24     •    Actual damages for injuries suffered by Plaintiffs and the Class.

25     •    Compensatory money damages according to proof.

26     •    Punitive damages.

27     •    Attorneys' fees and costs.

28

FIRST AMENDED CONSOLIDATED CLASS    - 25 -    Palza/Palm
ACTION COMPLAINT

- An order requiring Palm to immediately cease its wrongful conduct as set forth above; enjoining Palm from continuing to falsely market and advertise, conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; ordering Palm to engage in a corrective notice campaign; and requiring Palm to implement a full replacement program of all defective Treo 600 and 650s at issue with new, fully functional, non-defective, replacement smartphones of equal or greater advertised specifications, to refund to Plaintiffs and all members of the Class the funds paid to Palm for the defective Treo 600 and 650s; ordering Palm to disgorge all profits improperly obtained as a result of its conduct and establishing a fund thereof for the benefit of plaintiffs and the class; and requiring Palm to pay for reasonable attorneys' fees and costs of prosecuting this action.

- For statutory prejudgment interest.

- For such other relief as this Court may deem just and proper.

## XI.  JURY DEMAND

Plaintiffs demand a trial by jury for all claims and causes of action triable by jury.

DATED:  January 31, 2006

ROTHKEN LAW FIRM

By: _____
        Ira P. Rothken

LAW OFFICES OF MALLISON & MARTINEZ

By: _____
        Stan S. Mallison

By: _____
        Hector Martinez

RALPH M. STONE
SHALOV STONE & BONNER, LLP

JONATHAN SHUB
SHELLER, LUDWIG & BADEY, P.C.

*Co-Lead Counsel for Plaintiffs*

EXECUTIVE COMMITTEE COUNSEL

MARK TAMBLYN
KERSHAW CUTTER & RATINOFF LLP
980 9th Street, 19th Floor
Sacramento, CA 95814-4416
Tel: 916-448-9800
Fax: 916-669 4499

MICHAEL M. GOLDBERG
GLANCY, BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel: 310-201-9150
Fax: 310-201-9160

SETH R. LESSER
THE LOCKS LAW FIRM
110 East 55th Street
New York NY 10022
Tel: 212-838-3333
Fax: 212-838-3735

PAUL WEISS
FREED & WEISS LLP
111 West Washington Street, Suite 1331
Chicago, IL 60602
Tel: 312-220-0000
Fax: 312-220-7777

BRADLEY M. LAKIN
THE LAKIN LAW FIRM
300 Evans Avenue
PO Box 229
Wood River, Illinois 62095
Tel: 618-254-1127
Fax: 618-254-0193

ROBERT GREEN
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA 94105
Tel: 415-477-6700
Fax: 415-477-6710

RONEN SARRAF
SARRAF GENTILE LLP
485 Seventh Avenue, Suite 1005
New York, NY 10018
Tel: 212-868-3610
Fax: 212-918-7967

EDWARD WALLACE
THE WEXLER FIRM LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: 312-346-2222
Fax: 312-346-0022

# ADDENDUM A

# EXHIBIT 1

**MARIO PALZA**
3919 Dean Dr.
Ventura, CA 93003

August 12, 2005

Ed Colligan
President and CEO
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

Dear Mr. Colligan:

I am writing to complain about your business conduct regarding the Treo 600 and 650. I would to give you the opportunity to meet my demands before I take legal action. Palm has engaged in conduct harmful to California consumers in connection with Palm's advertising and sale of Treo smartphones. I hope to achieve an expeditious resolution to eradicate Palm's practices and provide full compensation for all Treo 600 and 650 customers. The problems is that the Treo are not adequate phones for many reasons including:

- Extremely poor sound quality and buzzing that is heard by the recipients of my telephone calls in Treo 600 phones. This buzzing makes Treos unusable and makes recipients believe that I am in a very noisy place when making phone calls (not caused by my telephone service provider);

- Voice choppiness which is heard by the recipients of telephone calls which makes the Treo an extremely poor telephone. This problem is not caused by telephone service provider;

- Speakerphone problems making the speaker phone unusable or seriously impaired;

- Defective screens or bubbles impairing the function of the phone and organizer;

- Phone freezes and crashes often causing restarts and lost calls, which often require the use of a hard reset which loses all stored information (not caused by telephone service provider);

- SIM card transferability problems in the Treo 650;

- Inability to efficiently eliminate duplicate information;

- Palm's Warranty Replacement of defective Treo 600 phones with defective and/or "refurbished" Treo 600 phones - creating a cycle of defective products.

Palm must immediately resolve these problems.

Therefore, I demand that Palm agree to the following remedies:

- Palm agree to stop selling any Treo 600 or 650 phones by August 22, 2005, recall any outstanding phones on the market, and continue to refrain from any future sales of these phones.

- Palm agree to promptly provide effective notice to all persons who have bought a Treo 600 or 650 and repay all purchasers of Treo phone their full purchase price.

- Palm agree to pay any additional actual damages for injuries suffered by all persons who purchased Treo 600s and 650s;

- Palm agree to pay punitive damages equal to five times the purchase price to all persons who purchased Treo 600's and 650's;

Unless Palm agrees to these terms within eleven days of the date of this letter, I will contact my attorney and request that he takes appropriate legal actions against your company.

Sincerely,

Mario Palza

# EXHIBIT 2



Mallison & Martinez

TO: Mary Doyle, Palm General Counsel

Date: 8/26/05

From: Hector Martinez

Regarding:Treo 600 and 650 product defects.

1042 Brown Ave, Suite A
Lafayette, CA 94549
**T** 925-283-3842
**F** 925-283-3426
Stanm@Mallisonlaw.com

# LAW OFFICES OF
# MALLISON & MARTINEZ

1042 BROWN AVENUE, SUITE A
LAFAYETTE, CA
94549

STAN S. MALLISON*                    (925) 283-3842
HECTOR R. MARTINEZ                   FAX (925) 283-4862

OF COUNSEL
ALEGRIA DE LA CRUZ

* MEMBER OF CA & NV BAR

Mary Doyle
Senior Vice President and General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085
1-408-617-0100

Dear Ms. Doyle:

We are writing to again notify you of our clients' grievances concerning your business conduct, our proposed remedies, and to give you an opportunity to meet and confer on these issues. After extensive investigation into your business practices and a review of numerous consumer complaints, it is apparent that Palm, Inc. a.k.a. PalmOne, Inc. ("Palm") has engaged, and continues to engage, in a myriad of conduct harmful to California consumers in connection with Palm's advertising and sale of Treo 600 and 650 smartphones. We would like to achieve a quick resolution that will provide all Treo consumers a prompt relief and restitution.

The problems are that the Treo are not adequate smartphones to the public for many reasons including, but not limited to:

> Extremely poor sound quality and buzzing that is heard by the recipients of telephone calls from Treo 600 and 650 phones. This buzzing makes Treos unusable and makes recipients believe that Treo user are in a very noisy place when making phone calls (not caused by the telephone service provider);

> Voice choppiness which is heard by the recipients of telephone calls which makes the Treo an extremely poor telephone. This problem is not caused by telephone service provider;

> Speakerphone problems making the speaker phone unusable or seriously impaired;

> Defective screens or bubbles impairing the function of the phone and organizer;

The Phone freezes and crashes often causing restarts and lost calls, which often require the use of a hard reset which loses all stored information;

SIM card transferability problems in the Treo 650;

Inability to efficiently eliminate duplicate information;

Palm's Warranty Replacement of defective Treo 600 phones with defective and/or "refurbished" Treo 600 phones - creating a cycle of defective products.

Palm must immediately resolve these problems. These problems clearly indicate that consumers would have causes of action under Business and Professions Code Section 17200 et. seq., Business and Professions Code Section 17500 et. seq., breach of warranty, breach of Song-Beverly Consumer Warranty Act, violations of the Consumer Legal Remedies Act and other possible statutory and common law bases.

Therefore, on behalf of our client and the general public we demand that Palm agree to the following remedies:

Palm must agree to stop selling any Treo 600 or 650 phones by September 1, 2005, recall any outstanding phones on the market, and continue to refrain from any future sales of these phones.

Palm must agree to promptly provide effective notice to all persons who have bought a Treo 600 or 650 and repay all purchasers of Treo phone their full purchase price.

Palm must agree to pay any additional actual damages for injuries suffered by all persons who purchased Treo 600s and 650s;

Palm must agree to pay punitive damages equal to five times the purchase price to all persons who purchased Treo 600's and 650's;

In the event an agreement cannot be reached, at least to terms reduced to a memorandum of understanding, by September 1, 2005, an action may be filed against Defendant Palm. We note that our clients have repeatedly complained to Palm about their phones, and that one of our clients has previously written a letter to you earlier this month that was completely ignored. We note that we do not wish to get involved in litigation over this matter but Palm must remedy the damage it has caused consumers who purchased the Treo 600 and 650 or we will have no choice but to file suit on behalf of all Treo customers if Palm does not immediately and substantially remedy its actions in this regard.

Sincerely,

Hector Martinez

# EXHIBIT 3



Law Offices of Mallison & Martinez

# Fax

TO: Mary Doyle, Esq.

Fax Number: (408) 617-0100

Date: August 30, 2005

1042 Brown Ave, Suite A
Lafayette, CA 94549
T 925-283-3842
F 925-283-3426
Stanm@Mallisonlaw.com
HectorM@Mallisonlaw.com

From: Hector Martinez, Esq.

Number of pages including cover: 2

Regarding: *Palza, et al. v. Palm, Inc.*

STAN S. MALLISON*
HECTOR R. MARTINEZ

(925) 283-3842
FAX (925) 283-4862

OF COUNSEL
ALEGRIA DE LA CRUZ

* MEMBER OF CA & NV BAR

August 30, 2005

Mary Doyle
Senior Vice President and General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

RE: *Palza, et al. v. Palm, Inc.*

Dear Ms. Doyle:

Please take notice that my office represents Mario Palza concerning any and all matters related to Palm, Inc. and its Treo 600s and 650s. Cease and desist direct contact with Mr. Palza and direct all communications and correspondence to my office.

On or about August 29, 2005, a representative for Palm, Inc. contacted Mr. Palza via telephone concerning his August 12, 2005 letter to Mr. Ed Colligan. During that telephone conversation, Mr. Palza was informed that Palm, Inc. was unwilling to propose a resolution to his class-wide claims in writing. Needless to say, this response to Mr. Palza's demands is disturbing and inappropriate. Thus, any and all offers by Mr. Palza are hereby revoked.

As set forth in our August 26, 2005 letter, we do not wish to engage in formal litigation over this matter. However, if Palm, Inc. is unwilling to agree to the remedies proposed in said demand letter, at least to terms reduced to a memorandum of understanding, by September 1, 2005, an action will be filed against Defendant Palm, Inc.

Sincerely,

Hector Martinez

**EXHIBIT 4**



Law Offices of Mallison & Martinez

# Fax

TO: Mary Doyle, Esq.

Fax Number: (408) 617-0100

Date: September 2, 2005

1042 Brown Ave, Suite A
Lafayette, CA 94549
**T** 925-283-3842
**F** 925-283-3426
Stanm@Mallisonlaw.com
HectorM@Mallisonlaw.com

From: Hector Martinez, Esq.

Number of pages including cover: 2

Regarding:  *Palza, et al. v. Palm, Inc.*

## LAW OFFICES OF
## MALLISON & MARTINEZ

1042 BROWN AVENUE, SUITE A
LAFAYETTE, CA
94549

STAN S. MALLISON*
HECTOR R. MARTINEZ

(925) 283-3842
FAX (925) 283-4862

OF COUNSEL
ALEGRIA DE LA CRUZ

• MEMBER OF CA & NV BAR

September 2, 2005

Mary Doyle
Senior Vice President and General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

RE: *Palza, et al. v. Palm, Inc.*

Dear Ms. Doyle:

We have patiently waited for a response from Palm, Inc. ("Palm") to our client's, Mario Palza's, August 12, 2005 and our August 26 and 30, 2005 letters. However, it appears that Palm, Inc. has chosen to completely ignore our efforts to informally resolve our clients' demands. Again, we do not wish to engage in formal litigation over this matter. However, because Palm continues to sell defective Treo 600s and 650s to the general public, we have no choice but to take formal action. If we do not hear from you by noon on Tuesday, September 6, 2005, we will file our complaint.

Sincerely,

Hector Martinez

# EXHIBIT 5

# LAW OFFICES OF
# MALLISON & MARTINEZ

1042 BROWN AVENUE, SUITE A
LAFAYETTE, CA
94549

STAN S. MALLISON*
HECTOR R. MARTINEZ

(925) 283-3842
Fax (925) 283-4862

OF COUNSEL
ALEGRIA DE LA CRUZ

* MEMBER OF CA & NV BAR

## VIA U.S. POSTAL CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

September 27, 2005

Mary Doyle
Senior Vice President and General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

RE:   *Palza, et al. v. Palm, Inc.*
       30-day Notice per California Civil Code §1782

Dear Ms. Doyle:

We are writing to again notify you of our clients' grievances concerning your business conduct, our proposed remedies, and to give you an opportunity to meet and confer on these issues. After extensive investigation into your business practices and a review of numerous consumer complaints, it is apparent that Palm, Inc. a.k.a. PalmOne, Inc. ("Palm") has engaged, and continues to engage, in a myriad of conduct harmful to California consumers in connection with Palm's advertising and sale of Treo 600 and 650 smartphones, which amount to unlawful practices prohibited by California Civil Code §1770, Business and Professions Code §17200, et seq. and various other California laws. We would like to achieve a quick resolution that will provide all Treo consumers prompt relief and restitution.

Letter to Ms. Dolye, General Counsel for Palm, Inc.
Re:   *Palza, et al. v. Palm, Inc.*
       30-day Notice per California Civil Code §1782
September 27, 2005
Page 2 of 4

The problems are that the Treo are not adequate smartphones to the public for many reasons including, but not limited to:

> Extremely poor sound quality and buzzing that is heard by the recipients of telephone calls from Treo 600 and 650 phones.  This buzzing makes Treos unusable and makes recipients believe that Treo user are in a very noisy place when making phone calls (not caused by the telephone service provider);

> Voice choppiness which is heard by the recipients of telephone calls which makes the Treo an extremely poor telephone.

> Speakerphone problems making the speaker phone unusable or seriously impaired;

> Defective screens or bubbles impairing the function of the phone and organizer;

> The Phone freezes and crashes often causing restarts and lost calls, which often require the use of a hard reset which loses all stored information:

> SIM card transferability problems in the Treo 650;

> Inability to efficiently eliminate duplicate information;

> Palm's Warranty Replacement of defective Treo 600 phones with defective and/or "refurbished" Treo 600 phones - creating a cycle of defective products.

> Power supply and battery problems.

Palm's actions in selling defective products and failing to remedy these defects have violated the following provisions of the Consumer Legal Remedies Act, Civ. Code Section 1750, et seq.:

> Civil Code §1770(a)(5):  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have.

> Civil Code §1770(a)(7):  Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

> Civil Code §1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

Letter to Ms. Dolye, General Counsel for Palm, Inc.
Re: *Palza, et al. v. Palm, Inc.*
      30-day Notice per California Civil Code §1782
September 27, 2005
Page 3 of 4

> Civil Code §1770(a)(14): Representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited.

> Civil Code §1770(a)(19): Inserting an unconscionable provision in the contract.

Palm must immediately resolve these problems. These problems clearly indicate that consumers have causes of action under Business and Professions Code Section 17200 et. seq., Business and Professions Code Section 17500 et. seq., breach of warranty, breach of Song-Beverly Consumer Warranty Act, Civ. Code Section 1790, et seq., violations of the Consumer Legal Remedies Act, Civ. Code Section 1750, et seq., and other possible statutory and common law bases. For your convenience, I have enclosed a copy of the Complaint filed by Plaintiffs Mario Palza, Charles Boulais, and Nissa Gay.

Therefore, on behalf of our client and the general public we demand that Palm agree to the following remedies:

> Stop selling any Treo 600 or 650 phones by September 1, 2005, recall any outstanding phones on the market, and continue to refrain from any future sales of these phones.

> Promptly provide effective notice to all persons who have bought a Treo 600 or 650 and repay all purchasers of Treo phone their full purchase price.

> Pay any additional actual damages for injuries suffered by all persons who purchased Treo 600s and 650s;

> Pay punitive damages equal to five times the purchase price to all persons who purchased Treo 600's and 650's;

> Provide other required relief and provided by California Civil Code §1750, et seq.

In the event an agreement cannot be reached, at least to terms reduced to a memorandum of understanding within 30 days after receipt of this letter. Plaintiffs will seek damages for violations of the Consumer Legal Remedies Act, Civ. Code Section 1750, et seq., in addition to damages sought under other causes of action, including, but not limited to, Business and Professions Code Section 17200 et. seq., Business and Professions Code Section 17500 et. seq., breach of warranty, breach of Song-Beverly Consumer Warranty Act, Civ. Code Section 1790, et seq. We note that we have repeatedly requested that Palm make good faith efforts to informally resolve our clients claims and demands as set forth above. If Palm does not immediately and substantially remedy its actions in this regard within 30 days of its receipt on this letter, we will amend our current Complaint and request damages per Consumer Legal Remedies Act, Civ. Code Section 1750, et seq.

Letter to Ms. Dolye, General Counsel for Palm, Inc.
Re:   *Palza, et al. v. Palm, Inc.*
      30-day Notice per California Civil Code §1782
September 27, 2005
Page 4 of 4


Sincerely,

Hector Martinez

cc:   Stan Mallison, Esq.
      Ira Rothken, Esq.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Larry Doyle
Senior Vice Pres. and General Counsel
Palm, Inc.
950 W. Maude Ave.
Sunnyvale, CA 94085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7005 1820 0006 9486 8266

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender. Please print your name, address, and ZIP+4 in this box •

Hector Martinez, Esq.
Law Offices of Mullarian & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549