1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   (PPreovolos@mofo.com)
2  LORI A. SCHECHTER (CA SBN 139728)
   (LSchechter@mofo.com)
3  ROGER E. COLLANTON (CA SBN 178831)
   (RCollanton@mofo.com)
4  MORRISON & FOERSTER LLP
   425 Market Street                                    *ORDER E-FILED ON 5/4/06*
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile:  415.268.7522

7  Attorneys for Defendant
   PALM, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  **In re: PALM TREO 600 and 650**          **Master File No.: C-05-03774 RMW**
    **LITIGATION**
14

15                                              [~~PROPOSED~~] **STIPULATED**
                                                **PROTECTIVE ORDER**
16  **This Document Relates To All Actions**
                                                (MODIFIED BY THE COURT)
17                                              **Complaint Filed: September 19, 2005**

18                                              **Trial Date: None Set**

19

20

21        WHEREAS, the Parties in the above-captioned action, *In re: Palm Treo 600 and 650*

22  *Litigation*, C-05-03774 RMW (the "Action"), consolidated before this Court, have agreed to enter

23  one uniform protective order to be applied to all cases during the consolidated proceedings before

24  this Court;

25        NOW, THEREFORE, the Parties, by and through their respective counsel, having

26  stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary

27  to protect the confidentiality of documents and other information obtained in the course of

28

1   discovery in this Action, it is hereby ORDERED THAT:

2       1.      **SCOPE OF ORDER**.  This Stipulated Protective Order ("Order") includes in its

3   scope any Litigation Material, as defined in Paragraph 3(b) below, designated under this Order, as

4   well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries,

5   or compilations thereof, plus testimony, conversations, or presentations by parties or counsel

6   submitted to or presented in court or in other settings that might reveal such Litigation Material.

7   Nothing in this Order shall obligate any Party or non-party to produce any Litigation Material to

8   any other party that it is not otherwise required to produce under the Federal Rules of Civil

9   Procedure or any applicable local rule.

10      2.      **USE OF LITIGATION MATERIAL GENERALLY**.  All Litigation Material

11  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES

12  ONLY," as defined in Paragraphs 3(j) and 3(k) below, shall be used solely for the purposes of

13  preparation, trial and appeal of this Action, and for no other purpose, absent further order of the

14  Court.  However, nothing herein shall prevent or in any way limit disclosure, use, or

15  dissemination of any documents, things or information that are in the public domain.

16      3.      **DEFINITIONS.**

17          (a)      "Party" or "Parties" shall mean any or all named parties to this Action.

18          (b)      "Litigation Material" shall mean any documents, materials, items, things,

19  and/or information (including depositions or other testimony, deposition exhibits, interrogatory

20  responses, responses to requests for admissions, and all documents and tangible things as defined

21  in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule), regardless of

22  the medium or manner generated, stored, or maintained, that are produced, generated, disclosed,

23  or filed in the Action, by or on behalf of any party or non-party, voluntarily or involuntarily,

24  whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or

25  motion practice, whether revealed in a document, a deposition, a response to any type of written

26  discovery, a submission to the Court or otherwise.

27          (c)      "Producing Party" shall mean a Party or non-party that produces Litigation

28  Material in this Action.

1        (d)     "Receiving Party" shall mean any party that receives Litigation Material

2 from any Producing Party in this Action.

3        (e)     "Designating Party" shall mean a Party or non-party that designates

4 Litigation Material that it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:

5 ATTORNEYS' EYES ONLY," as defined in Paragraphs 3(j) and 3(k) below.

6        (f)     "Counsel" or "Attorneys" shall include a Party's in-house counsel and his

7 or her administrative staff as well as a Party's outside litigation counsel and his or her

8 administrative staff.

9        (g)     "Professional Vendors" shall include persons or entities that provide

10 litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or

11 demonstrations, organizing, storing, retrieving data in any form or medium) and their employees

12 and subcontractors.  This definition includes a professional jury or trial consultant retained in

13 connection with this litigation, as well as mock jurors who participate in any mock trial of this

14 Action.

15        (h)     "Qualified Persons" shall include only the following:

16            (i)     a Party;

17            (ii)     a Receiving Party's Counsel;

18            (iii)     the regularly-employed support personnel (such as paralegals,

19 administrative assistants, secretaries, and clerical and administrative

20 staff) of a Receiving Party's Counsel, as necessarily incident to the

21 litigation of this Action;

22            (iv)     Professional Vendors;

23            (v)     Qualified Consultants and Qualified Experts, as defined in

24 Paragraph 9;

25            (vi)     the regularly-employed support personnel (such as administrative

26 assistants, secretaries, and clerical and administrative staff) of a

27 Qualified Consultant and Qualified Expert as necessarily incident to

28 the litigation of this Action;

1           (vii)    the Court, its personnel, jurors and alternate jurors, and court

2                  reporters, stenographers and videographers transcribing or

3                  recording testimony at depositions, hearings, or trial in this Action.

4        (i)    "Specially Qualified Persons" shall include only those Qualified Persons

5 listed in Paragraphs 3(h)(ii), (iii), (iv), (v), (vi), and (vii) and any other persons specially qualified

6 to receive Litigation Material designated as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES

7 ONLY, as defined below, by virtue of either the Producing Party having approved of the

8 proposed Specially Qualified Person pursuant to Paragraph 8 of this Order, or the Court having

9 granted an application by the Receiving Party that the proposed Specially Qualified Person may

10 receive such Litigation Material.

11        (j)    "**CONFIDENTIAL**" Litigation Material shall mean Litigation Material

12 that a Designating Party in good faith believes to be of a proprietary business or technical nature

13 and not readily available to competitors, potential competitors, and/or third parties.  Such

14 Litigation Material must qualify for protection under the standards developed under Rule 26(c) of

15 the Federal Rules of Civil Procedure, including: (i)  proprietary technical or scientific

16 information;  (ii) proprietary business or financial information; (iii) product research and

17 development information; (iv) customer and supplier information; (v) marketing strategies and

18 information; (vi) strategic business information including without limitation business plans,

19 manufacturing information, cost information or logistical information; or (vii) confidential

20 information of a non-party that the Designating Party is bound by a separate confidentiality

21 agreement or court order to maintain in confidence.  CONFIDENTIAL Litigation Material shall

22 not include any Litigation Material that at any time has been produced, disclosed or made

23 available to the public or is otherwise available for public access.

24        (k)    "**HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY**"

25 Litigation Material shall mean Litigation Material that a Designating Party in good faith believes

26 to be of a proprietary business or technical nature and not readily available to competitors,

27 potential competitors, and/or third parties and that contains information the disclosure of which is

28 likely to cause harm to the competitive position of the Designating Party.  Such information may

1  fall into one or more of the following categories:  (i) business plans; (ii) product development;

2  (iii) business development; (iv) technical specifications; (vi) trade secrets; (vii) confidential

3  pricing, marketing and sales information; or (viii) any information which affords the Designating

4  Party an actual or potential economic advantage over others.

5          (l)      "Protected Material" shall mean any Litigation Material that is designated

6  as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY."

7          4.      **DESIGNATING PROTECTED MATERIAL**.

8          (a)      Each party or non-party that designates Litigation Material for protection

9  under this Order must take care to limit any such designation to specific material that qualifies

10  under the appropriate standards.

11          (b)      Mass indiscriminate, or routinized designations are prohibited.  A

12  Producing Party shall not designate Litigation Material for protection under this Order where such

13  designation is clearly unjustified or is made for an improper purpose (e.g., to unnecessarily

14  encumber or retard the case development process, or to impose unnecessary expenses and

15  burdens on other parties).

16          (c)      If it comes to a Party's or non-party's attention that Litigation Material that

17  it designated for protection does not qualify for protection at all, or does not qualify for the level

18  of protection initially asserted, that Party or non-party must promptly notify all other parties that

19  it is withdrawing the mistaken designation.

20          (d)      Timing and Manner of Designations:  Except as otherwise provided in this

21  Stipulated Protective Order (see, e.g., Paragraph 4(e) and Paragraph 12), or as otherwise

22  stipulated or ordered by the Court, Litigation Material that qualifies for protection under this

23  Order must be clearly so designated before the material is disclosed, generated, or produced.

24  Designation in conformity with this Order requires:

25                  (i)      The Producing Party shall affix the legend "CONFIDENTIAL" or

26                  "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY," as

27                  appropriate, on each page that contains Protected Material.  If any

28                  Protected Material cannot be labeled with the aforementioned markings, it

shall be placed in a sealed envelope or other container that is in turn marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," as appropriate.

(ii)     When producing electronic files, the Designating Party shall append to file names or designators information indicating whether the file contains Litigation Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision to a Qualified Consultant or Qualified Expert under this Order in printed form, the printing Party shall affix a legend to the printed document corresponding to the designation of the Designating Party.

(iii)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY."

(iv)     A Party or non-party that makes original Litigation Material available for inspection need not designate such material for protection until after the inspecting Party has indicated which material it seeks to be copied and produced.  During the inspection and before the designation, all of the Litigation Material made available for inspection shall be deemed HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY.  After the inspecting Party has identified the material to be copied and produced, the Producing Party must determine what Litigation Material, or portions thereof, qualifies for protection under this Order, and so designate the specified Litigation Material before production, in accordance with the provisions of this Order.

(v)     An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it or, if the exhibit has not been previously produced, given to it on the record at the time of the deposition. The designation or de-designation of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY" shall not affect the confidentiality status of exhibits presented at the deposition.

(e)     Inadvertent Failure to Designate:

(i)     If a Producing Party inadvertently fails to designate Litigation Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," such failure shall not constitute a waiver of a claim of confidentiality or of the Producing Party's right to so designate such Litigation Material.

(ii)     In the event that such an inadvertent failure occurs, the Producing Party shall, upon discovery of the error, promptly notify in writing all parties known to have received the Litigation Material in question, and provide them with appropriately marked substitute copies of the affected Litigation Material.  Until a Receiving Party receives such notification, any disclosure made by that party of the Litigation Material to those not permitted by this Order to have access had the Litigation Material been so designated, shall not constitute a violation of this Order.

(iii)     Within fourteen days of such notice and receipt of substitute copies bearing the appropriate confidentiality marking, the Receiving Party shall return or destroy (at the Producing Party's option) all copies of incorrectly labeled Litigation Material and shall not retain copies thereof or shall raise this matter with the Court and request an Order permitting the Receiving Party to retain the originally disclosed Litigation Material.

(iv)     Unless the Receiving Party is opposing the return or destruction of the incorrectly labeled Litigation Material, the Receiving Party also shall use good faith efforts to arrange for the return or destruction of said Litigation Material from parties and individuals to whom it may have distributed the Litigation Material in question but who were not authorized to receive Protected Material under this Stipulated Protective Order.

(v)      If the Receiving Party opposes the return or destruction of the Litigation Material in question, it shall, after receiving notice from the Producing Party, nonetheless use good faith efforts to avoid any further distribution of the Litigation Material in question to unauthorized parties or individuals, pending resolution of the issue by the Court.

(vi)     If the Receiving Party is unable to arrange for the return or destruction of the Litigation Material in question from unauthorized parties or individuals, the Receiving Party shall notify the Producing Party within fourteen days of notice from the Producing Party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of the Litigation Material in question.

(vii)    Upon the re-designation of Litigation Material under this paragraph, upon agreement of the parties, or by court order, said information shall thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY, as designated by the Producing Party.

5.       **PROCEDURE FOR CHALLENGING DESIGNATIONS**.

(a)      The designation of Litigation Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY" may be challenged, among other reasons, because: (i) the Litigation Material is or comes to be publicly disclosed in a printed publication, (ii) the Litigation Material is or comes to be generally publicly known, or (iii) the Litigation Material is or comes to be otherwise known to the Parties without any breach of the confidentiality obligations hereunder.  Any disclosure of Protected Material under this Order shall

1   not serve as a basis for challenging the confidentiality designation of the Litigation Material in

2   question.

3           (b)     At any time prior to the final pretrial conference in this Action, any Party

4   may, in good faith, object to the designation or redesignation of any Litigation Material as

5   Protected Material by providing counsel for the Designating Party with written notice of the

6   reasons for its objection. The Designating Party shall, within fourteen (14) calendar days after

7   receiving such written notice, advise the objecting party, in writing, of the basis for its

8   designation. Within ten (10) calendar days thereafter, the parties shall confer in a good-faith

9   effort to resolve the matter. Failing such resolution, the Party objecting to the designation may

10  apply to the Court for an order removing the "CONFIDENTIAL" or the "HIGHLY

11  CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation from the Litigation Material in

12  question.

13          (c)     A Party that elects to assert a challenge to a confidentiality designation

14  after considering the justification offered by the Designating Party may file and serve a motion

15  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

16  identifies the challenged material and sets forth in detail the basis for the challenge. Each such

17  motion must be accompanied by a competent declaration that affirms that the movant has

18  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

19  forth with specificity the justification for the confidentiality designation that was given by the

20  Designating Party in the meet and confer dialogue.

21          (d)     The Designating Party shall have the burden of establishing the propriety

22  of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY"

23  designation. Until the Court rules on the challenge, all parties shall continue to afford the

24  material in question the level of protection to which it is entitled under the Designating Party's

25  designation.

26          (e)     Notwithstanding any objection to the designation of Litigation Material as

27  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY,"

28  Litigation Material shall be treated as designated under this Order unless and until one of the

1  following occurs: (i) the Designating Party changes or removes the confidentiality designation in

2  writing; or (ii) the Court orders the Designating Party to change or remove such designation.

3        6.  **ACCESS TO AND USE OF PROTECTED MATERIAL.**

4        (a)  All Protected Material shall be used solely for the purposes of preparation,

5  trial, and appeal of this Action, and for no other purpose, absent further order of the Court.

6  Protected Material may be disclosed only to the categories of persons and under the conditions

7  described in this Order.  When the litigation has terminated, a Receiving Party must comply with

8  the provisions of Paragraph 22 below ("**SURVIVAL OF OBLIGATIONS**").  All Protected

9  Material shall be carefully maintained by the Receiving Party in secure facilities and access to

10 such Protected Material shall be permitted only to persons having access thereto under the terms

11 of this Order.

12       (b)  Litigation Material designated as "CONFIDENTIAL" shall only be made

13 available, and the contents thereof disclosed, to Qualified Persons, as defined in Paragraph 3(h)

14 herein, and only if the requirements set forth in Paragraph 7 (and Paragraph 9, if applicable) have

15 been met.

16       (c)  Litigation Material designated as "HIGHLY CONFIDENTIAL:

17 ATTORNEYS' EYES ONLY" shall only be made available, and the contents thereof disclosed,

18 to Specially Qualified Persons, as defined in Paragraph 3(i) herein, and only if the requirements

19 set forth in Paragraph 7 (and Paragraphs 8 and/or 9, if applicable) have been met.

20       (d)  Should a Receiving Party learn that, by inadvertence or otherwise, it has

21 disclosed Protected Material to any person or in any circumstances not authorized under this

22 Stipulated Protective Order, the Receiving Party must immediately: (i) notify in writing the

23 Designating Party of the Protected Material disclosed and the identity of the party to whom it was

24 disclosed; (ii) use its best efforts to retrieve all copies of the Protected Material; (iii) inform the

25 person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

26 (iv) request such person or persons to execute an Agreement to Abide by Stipulated Protective

27 Order, attached hereto as Exhibit A.  The executed Agreement to Abide by Protective Order shall

28 be provided to the Designating Party.

(e)     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing immediately and in any event not more than three court days after learning that the subpoena or order will compel disclosure of any Protected Material. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 7.     AGREEMENT BY QUALIFIED PERSONS AND SPECIALLY QUALIFIED PERSONS TO ABIDE BY STIPULATED PROTECTIVE ORDER.

(a)     Except as provided in Paragraphs 7(b) and 7(c) of this Order, Litigation Material designated as CONFIDENTIAL shall not be made available to any Qualified Person, nor shall Litigation Material designated as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY be made available to any Specially Qualified Person, unless such Qualified Person or Specially Qualified Person has first read this Stipulated Protective Order and has agreed in writing (i) to be bound by the Order's terms, (ii) to maintain the confidentiality of the Protected Material and not to use or disclose the Litigation Material to anyone other than as provided herein, and (iii) to utilize such Protected Material solely for the purpose of this Action (as evidenced by signing an Agreement to Abide by Stipulated Protective Order, in the form set forth in Exhibit A, B, or C, attached hereto, as applicable).

(b)     The Court and other individuals set forth in Paragraph 3(h)(vii) need not sign an Agreement to Abide by Stipulated Protective Order.

(c)     Counsel for a Party obtaining an Agreement to Abide by Stipulated Protective Order shall retain a copy of that Agreement during the course of this Action until the case involving that Counsel's client is terminated by judgment, dismissal or settlement.

(d)     In the event that any Qualified Person or Specially Qualified Person ceases to engage in the litigation of this Action, such person's access to Protected Material shall be terminated.  The provisions of this Stipulated Protective Order, however, shall otherwise remain in full force and effect as to such Qualified Person or Specially Qualified Person.

8.     **APPROVAL OF PROPOSED SPECIALLY QUALIFIED PERSONS.**

(a)     A person, other than those identified in Paragraph 3(i),  shall become a Specially Qualified Person as to a particular Producing Party and may receive Litigation Material designated as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY of that Producing Party only after the following conditions have been satisfied:  (i) the proposed Specially Qualified Person has executed an Agreement to Abide by Stipulated Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement has been provided to the Producing Party; and (iii) either the Producing Party has approved of the proposed Specially Qualified Person pursuant to this Paragraph 8 and/or Paragraph 9 of this Order, or the Court has ruled on an application by the Receiving Party that the proposed Specially Qualified Person may receive Litigation Material designated as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY.

(b)     A Producing Party shall have fourteen (14) calendar days from the date of facsimile or electronic mail service of the executed Agreement served pursuant to Paragraph 8(a)(ii), plus three (3) additional calendar days if service is made by mail, to object to a proposed Specially Qualified Person.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the period referenced in this paragraph shall constitute approval.  If a written notice of objection is served, no Litigation Material designated as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES

1    ONLY of the Producing Party shall be disclosed to the proposed Specially Qualified Person until

2    the objection is resolved by agreement or by an order of the Court.

3            (c)      The Party seeking to disclose Litigation Material designated as HIGHLY

4    CONFIDENTIAL: ATTORNEYS EYES ONLY to the proposed Specially Qualified Person

5    bears the burden of seeking an order of the Court.  The objecting Producing Party shall have the

     burden of ~~demonstrating by a preponderance of the evidence that the proposed Specially~~

6    proving that the risk of harm that the disclosure would entail outweighs the Receiving

     Party's need to disclose the Protected Material to the proposed Specially Qualified Person.

7    ~~Qualified Person should not be permitted to receive the Protected Material.~~

8        9.      **SPECIAL PROCEDURES FOR APPROVAL OF PROPOSED QUALIFIED**

9    **CONSULTANTS AND QUALIFIED EXPERTS.**

10           (a)      A consultant or expert retained by a Party shall become, solely for the

11   purpose of receiving Protected Material, a Qualified Consultant or Qualified Expert, as the case

12   may be, as to a particular Producing Party and may receive Litigation Material designated as

13   CONFIDENTIAL or HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY by that

14   Producing Party only after:

15                          (i)      the Party retaining the consultant or expert first makes a written

16                          request on the Producing Party that: (a) identifies the specific Protected

17                          Material that the Receiving Party seeks permission to disclose to the

18                          proposed Qualified Consultant or Qualified Expert; (b) sets forth the full

19                          name of the Qualified Consultant or Qualified Expert and the city and state

20                          of his or her primary residence; (c) attaches a copy of the proposed

21                          Qualified Consultant's or Qualified Expert's curriculum vitae showing

22                          employment/consulting history, publications, and prior testimony;

23                          (d) identifies the proposed Qualified Consultant's or Qualified Expert's

24                          current employer(s), business address(es), business title(s), and business or

25                          profession; (e) identifies each person or entity from whom the proposed

26                          Qualified Consultant or Qualified Expert has received compensation for

27                          work in his or her areas of expertise or to whom he or she has provided

28                          professional services during the preceding five years; (f) identifies (by

1     name and number of the case, filing date, and location of court) any

2     litigation in connection with which the proposed Qualified Consultant or

3     Qualified Expert has provided any professional services during the

4     preceding five years; and (g) any and all professional relationship(s) with

5     any of the parties, or any known competitors of the adverse party, or any of

6     their related entities, either currently or in the past;

7            (ii)      the Producing Party has approved of the disclosure of the Protected

8     Material to the proposed Qualified Consultant or Qualified Expert pursuant

9     to Paragraph 9(b), or the Court has ruled on an application by the

10    Receiving Party that the proposed Qualified Consultant or Qualified Expert

11    may receive Protected Material; and

12           (iii)     the proposed Qualified Consultant or Qualified Expert has executed

13    an Agreement to Abide by Stipulated Protective Order in the form attached

14    hereto as Exhibit B and has provided the executed Agreement to the

15    Receiving Party.

16           (b)       A Producing Party shall have fourteen (14) court days from the date of

17    facsimile or electronic mail service of the materials and information served pursuant to Paragraph

18    9(a), plus three (3) additional calendar days if service is made by mail, to object to a proposed

19    Qualified Consultant or Qualified Expert.  Such objection must be for good cause, stating with

20    particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to

21    object within the period referenced in this paragraph shall constitute approval.  If a written notice

22    of objection is served, no Litigation Material designated as CONFIDENTIAL or HIGHLY

23    CONFIDENTIAL:  ATTORNEYS' EYES ONLY of the Producing Party shall be disclosed to the

24    proposed Qualified Consultant or Qualified Expert until the objection is resolved by agreement or

25    by an order of the Court.

26           (c)       A Party that receives a timely written objection must meet and confer with

27    the Producing Party to try to resolve the matter by agreement.  If no agreement is reached, the

28    Party seeking to make the disclosure to the proposed Qualified Consultant or Qualified Expert

1  may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

2  5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the

3  circumstances with specificity, set forth in detail the reasons for which the disclosure to the

4  proposed Qualified Consultant or Qualified Expert is reasonably necessary, assess the risk of

5  harm that the disclosure would entail and suggest any additional means that might be used to

6  reduce that risk.  In addition, any such motion must be accompanied by a competent declaration

7  in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the

8  extent and the content of the meet and confer discussions) and must set forth the reasons

9  advanced by the Producing Party for its refusal to approve the disclosure.

10          (d)      The objecting Producing Party shall have the burden of ~~demonstrating by a~~ proving that the
   risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the
11  ~~preponderance of the evidence that the proposed Qualified Consultant or Qualified Expert should~~
   Receiving Party's need to disclose the Protected Material to its proposed Qualified Consultant or
12  ~~not be permitted to receive Litigation Material designated as CONFIDENTIAL or HIGHLY~~
   Qualified Expert.
13  ~~CONFIDENTIAL:  ATTORNEYS' EYES ONLY.~~

14          (e)      A consultant or expert deemed as "Qualified" under this Order is deemed

15  qualified solely for the purpose of disclosure of Protected Material under the provisions of this

16  Order and being so qualified shall have no bearing or relevance as to whether the proposed

17  consultant or expert is qualified as an expert in his or her purported field or as to the subject of his

18  or her retention.  Nothing in the Order shall prejudice the right of any Party to object to the

19  qualifications of any proposed consultant of expert to render expert testimony in this Action, or to

20  make any other appropriate objection.

21          10.      **LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing

22  herein shall prevent the disclosure of any Protected Material to any of the following:

23          (a)      any current employee of the Producing Party;

24          (b)      any former employee of the Producing Party if the Protected Material

25  originated with, or was sent to, the former employee during the term of employment of the former

26  employee, as evidenced by the identification of the former employee as an author, recipient, or

27  copyee on the face of the Protected Material.

28

11.   **LIMITED DISCLOSURE TO TESTIFYING WITNESSES**.  Protected Material may be made available, or the contents thereof disclosed, to witnesses testifying at trial or at deposition, or who provide an affidavit or certification, only if:

(a)   in the case of a document, it appears that the witness has previously seen or received the Protected Material contained therein, either because the document identifies the witness as an author, recipient, or copyee, or because the document comes from the files of the witness;

(b)   the Counsel disclosing such Protected Material has a reasonable, good-faith belief based upon the witness's testimony or the testimony of other witnesses that the witness has had previous access to the Protected Material;

(c)   the Producing Party agrees in writing that the witness may have access to the Protected Material for purposes of his or her testimony at trial and/or at deposition; or

(d)   the witness is employed by or affiliated with the Producing Party. If the basis of the disclosure is (a) or (b) above, then immediately after the disclosure, Counsel disclosing such Protected Material must make an inquiry with respect to the witness's previous access to such information, and if it becomes apparent on such inquiry that the witness has not had previous access to the Protected Material, the item shall be withdrawn and no further inquiry regarding the Protected Material shall be permitted.  Any witness testifying at trial or at deposition or who provides an affidavit or certification, or his or her counsel, who receives Protected Material shall not reveal or discuss the contents of that Protected Material to or with any person who is not entitled to receive such material pursuant to this Stipulated Protective Order.

12.   **DESIGNATION OF TESTIMONY**.  A Party or non-party may designate information and/or exhibits disclosed during a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY" by so indicating on the record.  A Party or non-party may also designate in writing, within twenty (20) calendar days of the receipt of the transcript (the "Designation Period"), specific pages of the transcript to be treated as CONFIDENTIAL or as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY.  Until the

1   Designation Period has elapsed for a given transcript or portion thereof, that transcript or such

2   portion shall be treated as HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY.  When

3   information contained or incorporated in a deposition transcript is designated as

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY,"

5   arrangements shall be made with the court reporter by the Designating Party to label the relevant

6   pages as so designated.

7        13.     **ATTENDANCE AT DEPOSITIONS**.  During depositions of any Party or non-

8   party, a Party or non-party claiming that information and/or exhibits to be disclosed or upon

9   which questions may be based is Protected Material may exclude from the room any person who

10  is not a Qualified Person or Specially Qualified Person, as appropriate under this Order.

11       14.     **FILING PROTECTED MATERIAL**.  Without written permission from the

12  Producing Party, or a court order secured after appropriate notice to all interested persons, a Party

13  may not file in the public record in this action any Litigation Material designated as

14  CONFIDENTIAL or HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY.  Requests by

15  any Party to file such Protected Material under seal shall be governed by Civil Local Rule 79-5.

16  ~~After complying with all provisions of Rule 79-5, any Protected Material that is included with, or~~

17  ~~its contents are in any way disclosed in, any pleading, motion, deposition transcript, or other~~

18  ~~papers filed with the Clerk of the Court, shall be filed in sealed envelopes, or other appropriately~~

19  ~~sealed containers, prominently marked with the following notations:~~

20          ~~(a)     The case number (Master File No. C-05-03774 RMW);~~

21          ~~(b)     The name of the filing party;~~

22          ~~(c)     An indication of the filing's contents, such as the title of the filing; and~~

23          ~~(d)     A statement substantially similar to the following:~~

24                    ~~**FILED UNDER SEAL**~~
                  ~~**CONTAINS CONFIDENTIAL INFORMATION**~~
25                  ~~**SUBJECT TO PROTECTIVE ORDER**~~

26       15.     **DISCLOSURE OF PROTECTED MATERIAL IN OPEN COURT**.  Nothing

27  in this Order shall prevent a Party from using any Protected Material at a hearing or at trial.

28

1    However, should the need arise during the trial or during any hearing in open court for the Parties

2    to disclose Protected Material, such disclosure may only be made after the Designating Party has

3    had the opportunity to request in camera review or other safeguards from the Court, such as

4    restricting attendance at those portions of the hearing or trial in which Protected Material will be

5    disclosed to court personnel, Qualified Persons and Specially Qualified Persons, as appropriate,

6    pursuant to this Stipulated Protective Order.  The Party seeking to make such disclosure shall

7    provide reasonable notice of its intent to the Designating Party, and shall not object to reasonable

8    requests for such safeguards.  At trial, no Party, witness, or attorney shall refer in the presence of

9    the jury to this Stipulated Protective Order or to any confidentiality designation made pursuant to

10   this Order.  In no event shall any Party, witness, or attorney argue or suggest in the presence of

11   the jury that a Designating Party acted wrongfully in designating material as Protected Material.

12        16.    **APPLICABILITY OF STIPULATED PROTECTIVE ORDER TO NON-**

13   **PARTIES**.  Any non-party, whether an individual or entity, from whom discovery is sought may

14   obtain the protection of this Order by written request to the Party seeking such discovery.

15        17.    **NOTICE TO NON-PARTIES**.  Any Party issuing a subpoena to a non-party

16   shall enclose a copy of this Order with a request that, within ten (10) calendar days, the non-party

17   either request the protection of this Order or notify the issuing party that the non-party does not

18   request the protection of this Order.

19        18.    **NO WAIVER**.

20        (a)    Nothing in this Order shall prejudice the right of any Party to object to the

21   production of Litigation Material upon any appropriate ground, including any applicable

22   privilege, and nothing herein shall be construed as a waiver of such right.  Moreover, nothing in

23   this Order shall prejudice the right of any Party to object to the admissibility at trial of any

24   Litigation Material, purported expert testimony, or other evidentiary material on any appropriate

25   ground, and nothing herein shall be construed as a waiver of such right.

26        (b)    Entering into, agreeing to and/or complying with the terms of this Order

27   shall not: (i) operate as an admission by any Party that any particular Litigation Material contains

28   or reflects currently valuable trade secrets or protected proprietary or commercial information; or

1   (ii) operate as an admission by any Party that any particular Litigation Material is, or is not,

2   relevant to this Action.

3        19.   **PARTIES' OWN INFORMATION**.  Nothing in this Order shall limit any

4   Producing Party's use of its own documents, things, or information.  Nor shall anything in this

5   Order prevent any Producing Party from disclosing its Protected Material to any person.  Such

6   disclosures shall not affect any designation of such Litigation Material as CONFIDENTIAL or as

7   HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY pursuant to the terms of this Order

8   so long as the disclosure is made in a manner which is reasonably calculated to maintain the

9   confidentiality of the Protected Material.

10        20.   **DISCLOSURES BEYOND STIPULATED PROTECTIVE ORDER**.  Nothing

11   in this Order shall prevent disclosure beyond the terms of this Order:  (i) if the Designating Party

12   consents to such disclosure; (ii) if the Court, after notice to all affected persons, allows such

13   disclosure; or (iii) if the Party to whom Protected Material has been produced thereafter becomes

14   obligated to disclose the information in response to a lawful subpoena or other legal process,

15   provided that the subpoenaed party gives prompt written notice to counsel for the Designating

16   Party and ~~permits~~ gives counsel for that party ~~at least fourteen (14) calendar days from receipt of the~~ a reasonable opportunity to

17   ~~written notice to intervene and~~ seek judicial protection from the enforcement of the subpoena

18   and/or entry of an appropriate protective order in the action in which the subpoena was issued.
     (See Paragraph 6(e)).

19        21.   **RETURN OR DESTRUCTION OF PROTECTED MATERIAL UPON**

20   **CONCLUSION OF THIS ACTION.**

21          (a)   Within sixty (60) days of the conclusion of this Action, each party subject

22   to the terms of this Order shall assemble and return to each Producing Party all originals and

23   reproductions of any Protected Material.  In lieu of returning Protected Material, a party may

24   destroy all such Protected Material within sixty (60) days of the conclusion of this Action,

25   provided the party electing to undertake such destruction certifies to the Producing Party in

26   writing that it has made a reasonable and good-faith effort to destroy such Protected Material, and

27   that all such material has been destroyed to the best of its knowledge.  Any notes made from, or

28

1   summaries of, Protected Material must be destroyed within sixty (60) days of the conclusion of

2   this Action.

3           (b)      Notwithstanding Paragraph 21(a), outside litigation counsel for each Party

4   may retain a record including one copy of the following, irrespective of whether or not Protected

5   Material of another Party or non-party is included: (i) its correspondence file of this case; (ii) its

6   pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers

7   served on the Party; (iii) any briefs and appendixes on appeal; (iv) all legal research memoranda;

8   (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of trial transcripts

9   and accompanying exhibits.

10         22.    **SURVIVAL OF OBLIGATIONS**.

11           (a)      All the provisions of this Order shall survive the conclusion of this Action,

12   and shall continue to be binding after the conclusion of this Action unless subsequently modified

13   by agreement among the Parties or further order of the Court.

14           (b)      "Conclusion of this Action" shall mean such time as all appeal periods

15   have expired and any settlement or judgment has become final.

16           (c)      For the purposes of enforcing this Order and resolving any disputes

17   thereunder, the Court retains jurisdiction ~~indefinitely~~ over the Parties and any persons provided

18   access to Protected Material under the terms of this Stipulated Protective Order, for a period of six months after the Conclusion of this Action.

19         23.    **VIOLATIONS SANCTIONABLE**.  All persons bound by this Order are hereby

20   notified that if this Order is in any manner violated, the person or entity who commits such

21   violation may be subject to such sanctions as the Court on motion and after a hearing deems just.

22         24.    **RELIEF FROM STIPULATED PROTECTIVE ORDER**.  Entry of this

23   Stipulated Protective Order shall be without prejudice to the application by any Party or non-

24   party:  (i) for relief from any restriction contained herein; or (ii) for any order compelling or

25   further restricting the production or use of any Litigation Material produced, furnished, or

26   disclosed in the course of discovery in this Action.  The Parties may amend or modify any

27   provision of this Order by mutual agreement, which agreement shall be embodied in a written

28   stipulation to be approved by the Court.

1      **AGREED TO BY STIPULATION.**

2
       Dated:  April 12, 2006                    JONATHAN SHUB
3                                                SCOTT JOHNSON
                                                 SHELLER, LUDWIG & BADEY, P.C.
4

5                                                By: _____/s/_____

6                                                        Jonathan Shub

7                                                   Co-Lead Counsel for Plaintiffs

8
       Dated:  April 24, 2006                    IRA P. ROTHKEN
9                                                ROTHKEN LAW FIRM

10

11                                               By: _____/s/_____

12                                                       Ira P. Rothken

13                                                 Co-Lead Counsel for Plaintiffs

14     Dated:  April 12, 2006                    RALPH M. STONE
                                                 THOMAS G. CIARLONE, JR
15                                               SHALOV STONE & BONNER LLP

16

17                                               By: _____/s/_____

18                                                       Ralph M. Stone

19                                                 Co-Lead Counsel for Plaintiffs

20     Dated:  April 15, 2006                    STAN S. MALLISON
                                                 HECTOR R. MARTINEZ
21                                               LAW OFFICES OF MALLISON & MARTINEZ

22

23                                               By: _____/s/_____

24                                                       Stan Mallison

25                                                 Co-Lead Counsel for Plaintiffs

26

27

28

1

2

Dated:  April 17, 2006     MARK TAMBLYN
KERSHAW CUTTER & RATINOFF LLP

3

4

By: _____/s/_____

5

Mark Tamblyn

6

Co-Chair of the Plaintiffs' Executive Committee

7

Dated:  April 17, 2006     MICHAEL GOLDBERG
GLANCY, BINKOW & GOLDBERG

8

9

By: _____/s/_____

10

Michael Goldberg

11

Co-Chair of the Plaintiffs' Executive Committee

12

Dated:  April 17, 2006     SETH LESSER
LOCKS LAW FIRM

13

14

By: _____/s/_____

15

Seth Lesser

16

Member of the Plaintiffs' Executive Committee

17

18

Dated:  April 17, 2006     PAUL WEISS
FREED & WEISS LLP

19

20

By: _____/s/_____

21

Paul Weiss

22

Member of the Plaintiffs' Executive Committee

23

Dated:  April 21, 2006     BRAD LAKIN
LAKIN LAW FIRM

24

25

By: _____/s/_____

26

Brad Lakin

27

Member of the Plaintiffs' Executive Committee

28

1

2     Dated:  April 14, 2006                    ROBERT GREEN
                                                GREEN WELLING LLP
3

4                                               By:_____/s/_____

5                                                        Robert Green

6                                               Member of the Plaintiffs' Executive Committee

7     Dated:  April 17, 2006                    RONEN SARRAF
                                                SARRAF GENTILE LLP
8

9                                               By: _____/s/_____

10                                                       Ronen Sarraf

11                                              Member of the Plaintiffs' Executive Committee

12

13    Dated:  April 14, 2006                    EDWARD WALLACE
                                                THE WEXLER FIRM LLP
14

15                                              By: _____/s/_____

16                                                       Edward Wallace

17                                              Member of the Plaintiffs' Executive Committee

18    Dated:  April 25, 2006                    PENELOPE PREOVOLOS
                                                LORI SCHECHTER
19                                              ROGER COLLANTON
                                                MORRISON & FOERSTER LLP
20

21                                              By: _____/s/_____

22                                                       Roger E. Collanton
                                                       Attorneys for Defendant
23                                                         PALM, INC.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Roger E. Collanton, am the ECF User whose ID and password are being used to file this Stipulated Protective Order.  In compliance with General Order 45, section X.B., I hereby attest that I have, on file, documentation of concurrences for all "conformed" signatures (i.e. indicated by "/s/") within this e-filed document.

By: _____ /s/ _____

Roger E. Collanton
Attorneys for Defendant
PALM, INC.

(AS MODIFIED BY THE COURT)
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
^

Dated:   ___May 4, 2006_____

_____

~~RONALD M. WHYTE~~  HOWARD R. LLOYD
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

1

EXHIBIT A<br>
Qualified Person/Specially Qualified Person

2

3

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

4

5      I, _____, being duly sworn, state that:

6      1.      My address is _____

7  _____.

8      2.      My present employer is _____, and the

9  address of my present employment is _____

10 _____.

11     3.      My present occupation or job description is _____

12 _____

13 _____.

14     4.      I declare under penalty of perjury that I have read the Stipulated Protective Order

15 that was issued by the United States District Court for the Northern District of California on

16 _____[date] in *In Re: Palm Treo 600 and 650 Litigation*, Master File No. C-

17 05-03774 RMW (the "Action"), that I am familiar with its terms, and that I agree to comply with

18 and to be bound by all of the terms thereof.  I solemnly promise that I will not disclose in any

19 manner any information or item that is subject to this Stipulated Protective Order to any person or

20 entity except in strict compliance with the provisions of this Order.

21     5.      I hereby acknowledge that, pursuant to the Stipulated Protective Order, I may

22 receive information designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL:**

23 **ATTORNEYS' EYES ONLY**" ("Protected Material") in this Action, and certify my

24 understanding that such information is provided to me pursuant to the terms and restrictions of the

25 Stipulated Protective Order.  I agree not to reveal any Protected Material or any notes containing

26 or reflecting such Protected Material to anyone not authorized to receive such information

27 pursuant to the terms of the Stipulated Protective Order, and I agree not to use, directly or

28

indirectly, or allow the use of any Protected Material for any purpose other than a purpose directly associated with my duties in this litigation.

6.     I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting Protected Material in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Stipulated Protective Order.  I understand that all copies of any such Protected Materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the Stipulated Protective Order.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, and clerical and administrative staff) who are necessary to assist me of the terms of the Stipulated Protective Order and of their obligation to not reveal any Protected Material to anyone not authorized to receive such information pursuant to the terms of the Stipulated Protective Order.

7.     I agree to submit to the jurisdiction of the United States District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the Stipulated Protective Order.

Date: _____

Printed Name: _____          Signature: _____

EXHIBIT B
Qualified Consultant
or Qualified Expert

### AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, _____, being duly

sworn, state that:

    1.    My address is _____

_____.

    2.    My present employer is _____, and the

address of my present employment is _____

_____.

    3.    My present occupation or job description is _____

_____

_____.

    4.    I have attached hereto my current curriculum vitae and, to the best of my

knowledge, a complete list of any present or former relationships or engagements between myself

and any Party to the above-captioned action, *In Re: Palm Treo 600 and 650 Litigation*, Master

File No. C-05-03774 RMW (the "Action"), or any known competitor thereof.

    5.    I declare under penalty of perjury that I have read the Stipulated Protective Order

that was issued by the United States District Court for the Northern District of California on

_____[date] in the Action, that I am familiar with its terms, and that I agree to

comply with and to be bound by all of the terms thereof. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

    6.    I hereby acknowledge that, pursuant to the Stipulated Protective Order, I may

receive information designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL:**

**ATTORNEYS' EYES ONLY**" ("Protected Material") in this Action, and certify my

understanding that such information is provided to me pursuant to the terms and restrictions of the

Stipulated Protective Order.  I agree not to reveal any Protected Material, or notes containing Protected Material to anyone not authorized to receive such information pursuant to the terms of the Stipulated Protective Order, and I agree not to use, directly or indirectly, or allow the use of any Protected Material for any purpose other than a purpose directly associated with my duties in this litigation.

7. I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting Protected Material in a container, cabinet, drawer, room or other safe place in a manner consistent with the Stipulated Protective Order.  I understand that all copies of any such Protected Materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the Stipulated Protective Order.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the Stipulated Protective Order and of their obligation to not reveal any Protected Material to anyone not authorized to receive such information pursuant to the terms of the Stipulated Protective Order.

8. I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the Stipulated Protective Order.

Date: _____

Printed Name:_____          Signature: _____

EXHIBIT B: AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER          B-2
QUALIFIED CONSULTANT OR QUALIFIED EXPERT
sf-2083031

EXHIBIT C
Non-Party

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1.    My address is _____

_____.

2.    My present employer is _____, and the

address of my present employment is _____

_____.

3.    My present occupation or job description is _____

_____

_____.

4.    I represent non-party _____

_____.

5.    I declare under penalty of perjury that I have read the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in *In Re: Palm Treo 600 and 650 Litigation*, Master File No. C-05-03774 RMW (the "Action"), that I am familiar with its terms, and that I agree to comply with and to be bound by all of the terms thereof.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

6.    I hereby acknowledge that, pursuant to the Stipulated Protective Order, I received information designated as "**CONFIDENTIAL**" in this Action, and certify my understanding that such information is subject to the terms and restrictions of the Stipulated Protective Order.  I agree not to reveal any information, or notes containing any information, designated as **CONFIDENTIAL** to anyone not authorized to receive such information pursuant to the terms of the Stipulated Protective Order, and I agree not to use, directly or indirectly, or allow the use of any such information for any purpose.

7.     I understand that all copies of any such **CONFIDENTIAL** materials are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the Stipulated Protective Order.

8.     I understand that I shall be subject to the jurisdiction of the United States District Court for the Northern District of California in any proceeding relating to my performance under, compliance with, or violation of the Stipulated Protective Order.


Date: _____

Printed Name:_____        Signature: _____