**United States District Court**
For the Northern District of California

**E-FILED on** 12/21/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re PALM TREO 600 and 650 LITIGATION | **Master File No. C-05-03774 RMW** |
|---|---|
| This Document Relates To:<br>GANS, C-05-03776 | ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT<br><br>**[Re Docket Nos. 52, 53, 57]** |

On December 14, 2007, the court held a hearing on the parties' "Unopposed Motion for Preliminary Approval of Class Settlement, Certificate of the Settlement Class, Appointing Settlement Class Counsel, Setting a Hearing on Final Approval of the Settlement, and Directing Notice to the Class" and tentatively approved the settlement as fair, adequate and reasonable, subject to the parties addressing concerns raised at the hearing.

Hours after the hearing, the court received a notice from the named plaintiff in the lead case in this consolidated action, Richard Gans, stating that he has not approved the proposed class settlement and does not believe the settlement is fair, reasonable, or adequate. The court observed that although counsel that filed *Gans v. PALMONE*, Civil Action No. 05-cv-03774-RMW, Jonathan Shub, is a signatory to the Settlement Agreement and Release between plaintiffs and Palm, Inc., Mr. Gans, Mr. Shub's client, was not. By order dated December 14, 2007, the court asked the parties to explain why Mr. Gans was not a signatory to the Settlement Agreement, why he was not one of the

seven lead plaintiffs for the proposed class, and what impact his objection has on the preliminary approval of the settlement and conditional certification of the class.

On December 19, 2007, defendant Palm, Inc. ("Palm") and the four co-lead counsel firms submitted separate responses. These responses were accompanied by a motion by Mr. Shub asking to be permitted to withdraw as counsel for Mr. Gans but to remain as co-lead counsel for the class – presumably to preserve his share of the attorney's fees co-lead counsel intend to seek.

### A. Mr. Gans' Objection

The settlement provides that class members who have experienced two or more repairs (or replacement in lieu of repair) of their Treo 650 or Treo 600 device are entitled to a rebate of $50 for a Treo 650 or $75 for a Treo 600 device for a purchase of a new Palm smartphone device; all class members, even those who have not experienced the requisite number of repairs, will be entitled to have their device repaired at no cost.

Mr. Gans objects to the settlement on the grounds that a rebate of $50-$75 is not adequate compensation for a device that may have originally cost the user up to $450. To receive a rebate under the proposed settlement, a class member must purchase a new Palm smartphone. The class member may purchase a smartphone from any commercial retailer and is entitled to any other promotions otherwise available for the purchase in addition to the rebate under the proposed settlement. Eligible replacement smartphone devices can be obtained at a variety of price points. At the low end of the price range is $99.99 for a Palm Centro smartphone after instant discount, mail-in rebate and including a 2-year Sprint service contract. At the high end of the range is $669 for the Treo 700w or Treo 700wx smartphone with Alltel service without a service plan. The proposed rebate offers a significant value for class members that choose to purchase a new smartphone with a Sprint service contract. While the value of the rebate may be less for those class members that purchase a new smartphone with a service provider other than Sprint, the settlement rebate nevertheless provides valuable consideration to purchasers of new Palm smartphones.

Mr. Gans does not seem to take exception with the repair option. This option, which is available to all class members, extends the period for repair for all Treo 650 and Treo 600 models for 120 days past the effective date of the settlement, irrespective of whether the warranty on the

ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT—Master File No. C-05-03774 RMW
MAG 2

1 device has expired. If the warranty is still in effect as of the effective date, the warranty will be
2 extended for 120 days past the end of the warranty.

The court appreciates Mr. Gans' input and, as set forth above, has considered his objection. The court is nevertheless satisfied that it may preliminarily approve the settlement as fair, reasonable and adequate in spite of Mr. Gans' objection. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 636 (9th Cir. 1982) (upholding the district court's approval of a consent decree in spite of objection of one of the named plaintiffs). For purposes of preliminary approval, the rebate and repair options provide valuable consideration for any inconvenience that may have been experienced as a result of hardware problems with their Treo 600 or Treo 650 devices and a reasonable mechanism for repairing any problems class members may currently be experiencing with their devices, should they wish to keep their current device rather than purchasing a new smartphone.

The declaration submitted by Mr. Shub states that Mr. Gans did not agree with the settlement when he was presented with it and was thus not put forward as a named representative in the settlement agreement. Decl. Jonathan Shub ¶ 2. Because Mr. Gans will not be a lead plaintiff under the proposed settlement, he may opt out of the class, should he so choose. The court will certainly take into account the fact that Mr. Gans was the only named plaintiff that Mr. Shub represented prior to entry of the stipulated order appointing Mr. Shub as one of four co-lead plaintiff counsel. At some point following the entry of that order, Mr. Shub apparently ceased to represent Mr. Gans. It is troubling that co-lead counsel neglected to advise the court of this development as part of seeking preliminary approval of the settlement. The court will carefully review any request for attorney's fees and lead plaintiffs' incentive in this case, so plaintiffs' counsel should be sure to submit detailed billing records in support of any request for attorney's fees and information sufficient to justify any incentive award requested for lead plaintiffs.

**B.     The Court's Concerns with the Prior Submission**

The parties have attempted to address the court's concerns regarding the specifics of the settlement. The court is generally satisfied with the parties' efforts. The court notes, however, two typographical errors evident from the redline document submitted to the court: (1) referring to the redline of the Repair Form, on page 3 in section 3, "Effective Date" is misspelled; (2) referring to the

redline of the long form Class Notice, on page 10 in section 14 "who's address" should be "whose address." The court would like to see an additional change: with respect to section 14, the court will require the designated counsel's address to be listed in the text of the paragraph, rather than referring to "[designated Co-Lead Class Counsel] who's [sic] address is listed on page 2." Similarly, the last sentence of the paragraph of the short form notice should list the address for the designated co-lead counsel.

The parties should carefully review any notice that will go out to the parties for typographical errors. Prior to preliminarily approving the settlement, the court would like to review a completed version of all documents to be submitted to potential class members (Claim Form, Repair Form, long form class notice, short form class notice), including website addresses, email addresses and addresses for the designated co-lead counsel. The parties should also fill in applicable dates in these documents, making sure that the year is accurate, on the assumption that the court will preliminarily approve the settlement and notice to the class on the day after the corrected documents are submitted to the court (i.e., if the parties plan to file the corrected documents on December 26, 2007, they should assume the court will preliminarily approve the settlement on December 27, 2007). The parties should also resubmit their proposed order granting conditional certification of the settlement class, approval of forms and notice, and preliminary approval of settlement agreement with applicable dates and website addresses completed.

As before, the court does not have contact information for Mr. Gans. Therefore, this order should be provided to him by Mr. Shub. Mr. Shub should also be sure to serve Mr. Gans with a copy of his motion to withdraw as counsel, the hearing for which is currently scheduled for 9:00 a.m. on January 25, 2008.

DATED: 12/21/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENT—Master File No. C-05-03774 RMW
MAG 4

**Notice of this document has been electronically sent to:**

Roger E. Collanton
rcollanton@mofo.com,jhaskins@mofo.com,ahellums@mofo.com,cvetesi@mofo.com

Michael M. Goldberg
info@glancylaw.com

Robert S. Green
CAND.USCOURTS@CLASSCOUNSEL.COM

Scott K. Johnson
skjohnson@sheller.com,sjohnson@scottjohnsonlaw.com

Seth R. Lesser
slesser@lockslawny.com

Stanley Scott Mallison
stanm@mallisonlaw.com,jans@mallisonlaw.com,MPalau@mallisonlaw.com

Hector R. Martinez
hectorm@mallisonlaw.com

Penelope Athene Preovolos
ppreovolos@mofo.com,kfranklin@mofo.com

Ira P. Rothken
ndca@techfirm.com

Lori A. Schechter
lschechter@mofo.com,kfranklin@mofo.com

Jonathan Shub
jshub@seegerweiss.com

Mark John Tamblyn
mjt@wtwlaw.us,eaw@wtwlaw.us

Edward A. Wallace
eaw@wtwlaw.us,ecf@wtwlaw.us,mrm@wtwlaw.us

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/21/07  /s/ MAG
**Chambers of Judge Whyte**