IRA P. ROTHKEN (CA SBN 160029)
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile: (415) 924-2905

*Co-Lead Counsel For Plaintiffs*
*[All Co-Lead Counsel Listed on Page 2]*

PENELOPE A. PREOVOLOS (CA SBN 87607)
LORI A. SCHECHTER (CA SBN 139728)
ROGER E. COLLANTON (CA SBN 178831)
PPreovolos@mofo.com
LSchechter@mofo.com
RCollanton@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
*PALM, INC.*

*E-FILED - 1/10/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **In re: PALM TREO 600 and 650 LITIGATION**<br><br>**This Document Relates To All Actions** | Master File No.: C-05-03774 RMW<br><br>[PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF FORMS AND METHODS OF NOTICE, AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE<br><br>The Honorable Ronald M. Whyte |

## CO-LEAD CLASS COUNSEL

IRA P. ROTHKEN (CA SBN 160029)
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949
Telephone: (415) 924-4250
Facsimile: (415) 924-2905


JONATHAN SHUB (CA SBN 237708)
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 553-7980
Facsimile: (215) 851-8029


RALPH M. STONE (pro hac vice)
THOMAS G. CIARLONE, JR. (pro hac vice)
SHALOV STONE BONNER and ROCCO
485 Seventh Avenue, Suite 1000
New York, NY 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310


STAN S. MALLISON (CA SBN 184191)
HECTOR R. MARTINEZ (CA SBN 206336)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, Ca 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426

WHEREAS, this Court has reviewed the Settlement Agreement and Release ("Agreement") entered into by and among defendant Palm, Inc. ("Palm"), Mario Palza, Charles Boulais, Nissa Gay, Paul Berliner, Trevor Loew, Stephanie Daniel, and Norm Sun, as individuals and as "Class Representatives" (collectively, the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, typicality, and that Class Representatives and Co-Lead Class Counsel are adequate representatives of the Settlement Class, and that the class alleged in the Action meets all the prerequisites of Rule 23(b)(3) of the Federal Rules of Civil Procedure for class certification, in that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, which class is defined as follows:

> All United States residents who purchased in the United States a new Treo 600 or Treo 650 smartphone for their own use and not for resale. The Settlement Class excludes Palm; any entity in which Palm has a controlling interest; Palm's directors, officers, and employees; Palm's legal representatives, successors, and assigns; any Judge to whom the Litigation is assigned and the members of his or her immediate family; and all persons who timely and validly request exclusion from the Settlement Class.

4. Class Counsel and Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Ira P. Rothken of the Rothken Law Firm, 3 Hamilton Landing, Suite 280, Novato, CA 94949, Jonathan Shub of Seeger Weiss LLP, 1515 Market Street, Suite 1380, Philadelphia, PA 19102, Ralph M. Stone and Thomas G. Ciarlone, Jr. of Shalov Stone Bonner and Rocco, 485 Seventh Avenue, Suite 1000, New York, NY 10018, Stan S. Mallison and Hector R. Martinez of the Law Offices of Mallison & Martinez, 1042 Brown Avenue, Suite A, Lafayette, CA 94549, are hereby appointed as Co-Lead Class Counsel, and Mario Palza, Charles Boulais, Nissa Gay, Paul Berliner, Trevor Loew, Stephanie Daniel, and Norm Sun are hereby appointed as Class Representatives.

5. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

6. The Claim Form (including the Instructions, Claim Form, and Release); the Repair Form (including the Instructions, Repair Form, and Release); the Notice of Pendency and Proposed Settlement of Class Action ("Full Notice"); and the Summary Notice of Settlement ("Summary Notice"); which are attached to the Agreement as Exhibits A, B, C and D, respectively, are hereby approved as to form.

7. A copy of the Full Notice, together with the Claim Form (including the Instructions, Claim Form, and Release), and Repair Form (including the Instructions, Repair Form, and Release), shall be posted on a settlement website, www.palzasettlement.com (the "Settlement Website"). The Full Notice and the Claim Form shall be downloadable from the Settlement Website. Settlement Class Members who are unable to download the Full Notice, Claim Form, and/or Repair Form may request that the Full notice, Claim Form and Repair Form be mailed to them at no charge by sending an e-mail to an e-mail address to be provided on the Settlement Website ("Settlement E-mail Address"). The Settlement Website

shall be mobile-browser viewable. In addition to the Full Notice, Claim Form and Repair Form, copies of the Settlement Agreement, Summary Notice, and Court Orders shall also be posted on the Settlement Website. A link to the Settlement Website shall be maintained on the Palm home page for a two-week period commencing with the first publication of notice of the settlement, and thereafter the link will be on Palm's website on the respective support pages for the Treo 600 and Treo 650 devices throughout the Claims Period. Both links will be labeled "Treo 600/Treo 650 Litigation."

8. A copy of the Summary Notice shall be published by Palm once in *USA Today*, a newspaper of national circulation, and once in *PC Magazine*. The Summary Notice shall not be less than 1/4 of a page in size. The Summary Notice shall include the address of the Settlement Website and the Settlement E-Mail Address.

9. For each member of the Settlement Class for whom Palm has an e-mail address, Palm shall send, by e-mail, an electronic copy of the Summary Notice.

10. For each member of the Settlement Class for whom Palm has a street address, but not an e-mail address, Palm shall send, by United States mail, a hard copy of the Summary Notice.

11. The Court finds that the forms of notice to the Settlement Class regarding the pendency of the Action and of this settlement and Class Counsel's fee and expense application set forth above, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law.

12. Any member of the Settlement Class who does not, in connection with the settlement notices, file a valid and timely request for exclusion will be bound by the Final Judgment dismissing the Action on the merits and with prejudice.

13. A hearing (the "Final Hearing") shall be held by the Court on Friday, May 2, 2008 at 9:00 a.m., to consider and determine whether the requirements for certification of the

Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's fee and expense application, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered.

14. The Final Hearing may, from time to time, and without further notice to the Settlement Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

15. Any Settlement Class Member who seeks to be excluded from the Settlement Class must send a request by first class mail, postmarked on or before April 7, 2008, to Designated Co-Lead Counsel, Ralph M. Stone, Shalov Stone Bonner and Rocco, 485 Seventh Avenue, Suite 1000, New York, NY 10018.

16. Objections by any Settlement Class Member to: (A) the certification of the Settlement Class and the proposed settlement contained in the Agreement and described in the Full Notice and Summary Notice; (B) the payment of fees and expenses to Class Counsel; and/or (C) entry of the Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Hearing only if, on or before April 7, 2008, such objector files with the Court a notice of his, her or its objections, submits documentary proof that he, she or it is a member of the Settlement Class, states the basis for such objections, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Parties identified in the Class Notice. In order to be considered for hearing, all objections must be actually received by the counsel identified in the Class Notice on or before April 7, 2008.

17. No later than Tuesday, April 22, 2008, the Parties shall file all papers in support of the application for final approval of the settlement, the application for payment of attorneys' fees and expenses, and/or any papers in response to any valid and timely

6

| | |
|---|---|
| 1 | objections with the Court, and shall serve copies of such papers upon each other and upon |
| 2 | any objectors who have complied with the provisions of paragraph 16 of this Order. |
| 3 | 18. Settlement Class Members who wish to claim a rebate on the purchase of a new |
| 4 | Palm smartphone must mail their Claim Form and any required supporting documentation |
| 5 | postmarked on or before the last date of the Claims Period. The Claim Form must be |
| 6 | received by Palm no later than 21 days thereafter. |
| 7 | 19. Counsel for the Parties are hereby authorized to utilize all reasonable |
| 8 | procedures in connection with the administration of the settlement which are not materially |
| 9 | inconsistent with either this Order or the terms of the Agreement. |

Dated: \_\_\_\_1/7\_\_\_\_, \_08\_\_

By: *Ronald M. Whyte*
The Honorable Ronald M. Whyte
Judge, United States District Court