| | |
|---|---|
| PENELOPE A. PREOVOLOS (CA SBN 87607) | |
| PPreovolos@mofo.com | |
| LORI A. SCHECHTER (CA SBN 139728) | |
| LSchechter@mofo.com | |
| ROGER E. COLLANTON (CA SBN 178831) | |
| RCollanton@mofo.com | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, California 94105-2482 | |
| Telephone: 415.268.7000 | |
| Facsimile: 415.268.7522 | |

Attorneys for Defendant PALM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **In re: PALM TREO 600 and 650 LITIGATION**<br><br>**This Document Relates To All Actions** | Master File No.: C-05-03774-RMW<br><br>**DECLARATION OF ROGER E. COLLANTON IN SUPPORT OF FINAL SETTLEMENT APPROVAL**<br><br>Date: May 23, 2008<br>Time: 9:00 am<br>Ctrm: 6<br>The Honorable Ronald M. Whyte |

sf-2504520

Case5:05-cv-03774-RMW   Document86   Filed05/13/08   Page2 of 4

1    I, Roger E. Collanton, declare:

2    1.   I am a member of the Bar of the State of California and a partner in the law firm of Morrison & Foerster LLP, attorneys of record for defendant Palm, Inc., in the above-captioned action. I have personal knowledge of the matters set forth below and, if called upon to do so, I could and would competently testify thereto.

3    2.   After the present litigation was filed, the parties agreed to engage in early mediation. The parties spent several months prior to the mediation negotiating regarding the scope of pre-mediation discovery and exchanging pre-mediation discovery. In particular, prior to the mediation, Palm provided plaintiffs with extensive, focused pre-mediation discovery, including almost 60,000 pages of documents, and written responses to a series of targeted questions raised by plaintiffs, concerning alleged defects, sales data, retail pricing, return and repair data, call drivers related to alleged defects, failure analyses, firmware and software updates implemented for the Treo 600 and Treo 650, and other relevant information.

4    3.   The parties then conducted two full days of structured mediation sessions at JAMS in San Francisco before the Honorable Daniel Weinstein (ret.), and Catherine A. Yanni, Esq., the first session on October 16, 2006, and the second on January 15, 2007. In between these two dates, negotiations continued and the parties were in contact with mediator Yanni. At the conclusion of the second day of the mediation session, the parties had arrived at a basic structure for a settlement, though they had not reached agreement as to the detailed terms of the settlement.

5    4.   Subsequently, the parties continued negotiations utilizing the structure that was arrived at during the JAMS sessions. On February 9, 2007, the parties met and continued negotiations, and ultimately agreed upon and documented the material terms of the settlement in a Memorandum of Understanding.

6    5.   The parties did not discuss the issue of fees or costs until all material terms of the settlement were agreed upon and documented in the Memorandum of Understanding. On March 22, 2007, the parties met and negotiated attorneys' fees, costs, and incentive awards.

sf-2504520                                                                                                                                                 1

1       6.      The negotiations between the parties were lengthy and contentious during and
2 between the two mediation sessions on October 16, 2006 and January 15, 2007, and continued
3 thereafter. In total, the parties conducted negotiations for a period in excess of six months.

4       7.      On February 19, 2008, Defendant sent a Notice of Class Settlement pursuant to 28
5 U.S.C. § 1715 to the U.S. Attorney General and the attorney general of every state. The Notice
6 attached copies of the Complaint, the Settlement Agreement and all exhibits thereto, and the
7 Court's Preliminary Approval Order.

8       8.      A total of ten objections to the settlement agreement were submitted.

9       9.      A total of fourteen potential class members submitted requests to be excluded from
10 the settlement agreement.

11      10.     A true and correct copy of the objection to the proposed settlement submitted by
12 John S. Wenstrand on January 24, 2008 is attached hereto as Exhibit 1.

13      11.     A true and correct copy of the objection to the proposed settlement submitted by
14 Arjuna Quinn on January 24, 2008 is attached hereto as Exhibit 2.

15      12.     A true and correct copy of the objection to the proposed settlement submitted by
16 Michael G. Kassis on January 31, 2008 is attached hereto as Exhibit 3.

17      13.     A true and correct copy of the objection to the proposed settlement submitted by
18 Eleanor Managad on February 18, 2008 is attached hereto as Exhibit 4.

19      14.     A true and correct copy of the objection to the proposed settlement submitted by
20 Steven Messino on February 21, 2008 is attached hereto as Exhibit 5.

21      15.     A true and correct copy of the objection to the proposed settlement submitted by J.
22 Martelino, Jr. on March 7, 2008 is attached hereto as Exhibit 6.

23      16.     A true and correct copy of the objection to the proposed settlement submitted by
24 Joe Elek on March 28, 2008 is attached hereto as Exhibit 7. Plaintiffs' counsel has advised that
25 they would contact Mr. Elek to clear up any misapprehensions he has regarding the timing of the
26 repair period under the settlement.

27      17.     A true and correct copy of the objection to the proposed settlement submitted by
28 Kenneth E. Nelson and Jeffrey Young on April 4, 2008 is attached hereto as Exhibit 8.

1   18.   A true and correct copy of the objection to the proposed settlement submitted by
2   David Brennan on April 4, 2008 is attached hereto as Exhibit 9.

3   19.   On May 8, 2008, we received a letter dated May 4, 2008 from Carl Ragel,
4   enclosing an objection purportedly dated March 17, 2008, as well as a claim form and
5   documentation. This objection was not previously received by Defendant's counsel nor does it
6   appear in the Court's docket. A true and correct copy of the letter, objection, and claim received
7   from Mr. Ragel on May 8, 2008 is attached hereto as Exhibit 10.

8   20.   A true and correct copy of a printout from the Sprint website, offering the Palm
9   Centro for $99.99 with a rate plan, is attached hereto as Exhibit 11.

10  21.   A true and correct copy of a printout from the AT&T Wireless website, offering
11  the Palm Centro for $99.99 with a rate plan, is attached hereto as Exhibit 12.

12  22.   A true and correct copy of a printout from the Alltel website, offering the Palm
13  Treo 700wx for $149.99 with a rate plan, is attached hereto as Exhibit 13.

14  23.   A true and correct copy of a printout from the Alltel website, offering the Palm
15  Treo 755 for $149.99 with a rate plan, is attached hereto as Exhibit 14.

16  24.   A true and correct copy of a printout from the Palm website, offering the Palm
17  Treo 680 for $183.99 with an AT&T rate plan, is attached hereto as Exhibit 15.

18  25.   A true and correct copy of a printout from the AT&T Wireless website offering the
19  Palm Treo 750 for $199.99 with a rate plan, is attached hereto as Exhibit 16.

20  26.   A true and correct copy of a printout from the AT&T Wireless website, offering a
21  refurbished Treo 680 and a refurbished Treo 750 for $129.99 each, with a rate plan, is attached
22  hereto as Exhibit 17.

23

24  I declare under penalty of perjury under the laws of the United States that the foregoing is
25  true and correct. Executed on May 12, 2008 in San Francisco, California.

Roger E. Collanton