*E-FILED - 12/9/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. C-05-03774-RMW |
| PALM TREO 600 and 650 LITIGATION | ORDER AWARDING ATTORNEYS' FEES AND COSTS |

The Court previously entered a Final Judgment and Order Approving Settlement and Dismissing Claims of Settlement Class Members with Prejudice [Dkt. 119-2]. The Court submitted the issue of attorneys' fees as it had concerns about the reasonableness of the fee request. The primary concern was that the benefits obtained for the class were not substantial and the fees seemed high in comparison to the benefits obtained. However, the court was satisfied that given the nature of the class claims and the strengths and weaknesses of the case that the settlement was unquestionably fair, just and adequate as to the class.

The court now concludes that the fees and costs requested are reasonable. Although the court has some concern that the hours reflected in the lodestar calculation are somewhat inflated, the fees requested and hereby awarded do not give counsel the full amount of the lodestar calculation. Further, in reviewing the transcript of the hearing on fees, the court is satisfied by counsel's answers to the court's expressed concerns. The court is also influenced by the fact that a retired federal judge who mediated the case apparently considered the fees requested as reasonable as do counsel for defendant. The court does not believe that defendant bought a favorable settlement by overpaying plaintiffs' counsel. The fees were negotiated after the class settlement was reached and it does not

1  appear that there was any understanding as to the amount of fees that defendant would be willing to
2  pay prior to the settlement on behalf of the class.
3      The plaintiffs also seek incentive fees for the named plaintiffs in the amount of $3,000 each.
4  Although defendant does not oppose such awards, they would not the benefits to the class and they
5  have been made in other actions, the court finds that payments to named plaintiffs other than their
6  pro rata share of the settlement should only be awarded if based upon services actually rendered to
7  the class.  Here, the court is not satisfied that the named plaintiffs provided services justifying
8  "incentive" or "service" awards in excess of $1,000 each for work actually performed on behalf of
9  the class.  Therefore, the court limits the "service fees" to the named plaintiffs to $1,000 each.
10     For the reasons stated, the court awards $1,554,000.00 for fees and reimbursement of
11 litigation costs and $7,000 in service fees for payment of $1,000 each to each of the named plaintiffs
12 for services rendered on behalf of the class for a total of $1,561,000.
13     DATED: December 8, 2009

*Ronald M Whyte*
_____
RONALD M. WHYTE
United States District Judge

1
2  Copy of Order E-Filed to Counsel of Record:
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28